UNITED STATES of America, Plaintiff–Appellee,

v.

Larry W. CARTER, Defendant–Appellant.

No. 02–5056.

United States Court of Appeals, Sixth Circuit.

April 8, 2003.

Before SILER, GILMAN, and GIBBONS, Circuit Judges.

PER CURIAM.

Defendant Larry W. Carter appeals his sentence following a guilty plea to posses-

sion of a firearm by a convicted felon. Specifically, Carter contends that the district court erred in determining that his base offense level was twenty-four, instead of twenty, pursuant to USSG § 2K2.1(a)(2). The government concedes error by the district court. We will therefore reverse and remand for resentencing.

## BACKGROUND

In 2001, Carter was indicted on three counts in federal court. Count I charged him with being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g); Counts II and III charged him with being a convicted felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). Carter pled guilty to Count I, pursuant to a plea agreement whereby Counts II and III were dismissed. On December 14, 2001, the district court sentenced Carter to forty-six months of imprisonment and three years of supervised release.

## DISCUSSION

Carter contends that the district court erred in relying upon the 2000 edition of the Sentencing Guidelines, rather than the 2001 edition, which was applicable at the time of his sentencing. The government agrees that the 2001 edition superceded the provision in the 2000 edition (§ 2K2.1) that was utilized by the district court in calculating the base offense level. Pursuant to the superceded provision, the district court erroneously treated the counts of certain prior convictions separately, as two prior felony convictions, rather than one (despite the fact that they were consolidated at sentencing).

**REVERSED AND REMANDED.**