RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 06a0359p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    *Plaintiff-Appellee,*

    *v.*

    No. 05-6129

LARRY W. CARTER,

    *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Tennessee at Jackson.
No. 01-10034—James D. Todd, Chief District Judge.

Argued: July 25, 2006

Decided and Filed: September 18, 2006

Before: MOORE, CLAY, and GRIFFIN, Circuit Judges.

_____

**COUNSEL**

**ARGUED:** Richard C. Strong, OFFICE OF THE FEDERAL PUBLIC DEFENDER FOR THE WESTERN DISTRICT OF TENNESSEE, Memphis, Tennessee, for Appellant. Richard Leigh Grinalds, ASSISTANT UNITED STATES ATTORNEY, Jackson, Tennessee, for Appellee. **ON BRIEF:** M. Dianne Smothers, OFFICE OF THE FEDERAL PUBLIC DEFENDER FOR THE WESTERN DISTRICT OF TENNESSEE, Memphis, Tennessee, for Appellant. James W. Powell, ASSISTANT UNITED STATES ATTORNEY, Jackson, Tennessee, for Appellee.

MOORE, J., delivered the opinion of the court, in which CLAY, J., joined. GRIFFIN, J. (p. 8), delivered a separate opinion concurring in the result.

_____

**OPINION**

_____

KAREN NELSON MOORE, Circuit Judge. Defendant-Appellant Larry W. Carter appeals the imposition of a special supervised-release condition mandating sex-offender treatment. Carter challenges the condition on the ground that it is not reasonably related to either his instant conviction of being a felon in possession of a firearm or his convictions for sex offenses committed in 1988. Carter also challenges one aspect of the treatment program — polygraph testing — on the ground that it violates his Fifth Amendment privilege against compelled self-incrimination.

Because Carter's instant conviction is not a sex offense and Carter's prior convictions are either too remote in time or not clearly sexual in nature, we **VACATE** the special condition. We

instruct the district court on **REMAND** to determine whether Carter's 2004 stalking conviction is sexual in nature and therefore provides an independent basis for the special condition. This resolution makes it unnecessary to address the Fifth Amendment challenge.

## I. BACKGROUND

In 2001, Carter pleaded guilty to being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). After the sentence initially imposed was reversed for reasons not relevant here, *see United States v. Carter*, 60 F. App'x 601 (6th Cir. 2003) (per curiam) (unpublished opinion), Carter was resentenced in 2003 to thirty months' imprisonment and three years' supervised release. The sentence included the following special condition of supervised release: "The defendant shall participate as directed in a program of mental health treatment approved by the Probation Officer." Joint Appendix ("J.A.") at 15 (Judgment at 4). Carter's supervised-release term commenced on September 19, 2003.

On September 29, 2004, Carter admitted to violating the standard supervised-release conditions barring him from committing another crime or associating with a convicted felon without his probation officer's permission. The district court revoked Carter's supervised release and imposed a sentence of twelve months' imprisonment and two years' supervised release. The district court reimposed the same supervised-release conditions, including the special condition of mental-health treatment quoted above.

In May 2005, the government petitioned the district court to modify the special condition. The proposed new condition provided:

> The defendant shall participate as directed in a program of mental health treatment, including a sexual offender treatment program and evaluation, as approved by the Probation Officer. The defendant shall abide by the rules, requirements, and conditions of the treatment program, including submitting to polygraph testing, to aid in the treatment and supervision process.

J.A. at 25 (Petition for Warrant or Summons for Offender Under Supervision). Carter filed an objection on the ground that the modified condition was inconsistent with the statutory requirements governing the imposition of special supervised-release conditions. At the subsequent hearing on the modification petition, Carter objected on Fifth Amendment grounds to the portion of the condition mandating polygraph testing. After the hearing, the district court granted the government's modification petition.[1] Carter now appeals.

## II. ANALYSIS

### A. Standard of Review

We review the imposition of a supervised-release condition for abuse of discretion. *United States v. Ritter*, 118 F.3d 502, 504 (6th Cir. 1997). "Abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment. A district court abuses its

---

[1]The modification ordered by the district court was worded slightly differently than that proposed by the government:

> The defendant shall participate as directed in a program of mental health treatment, including a sexual offender treatment program and evaluation as approved by the Probation Officer. The defendant shall abide by the rules, requirements, and conditions of the treatment program, including submitting to polygraph testing, to aid in the treatment and supervision process approved by the Probation Officer.

J.A. at 29 (Order Granting Pet. to Modify Conditions of Release). These minor differences are insignificant and therefore have no bearing on our analysis.

discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard." *United States ex rel. A+ Homecare, Inc. v. Medshares Mgmt. Group, Inc.*, 400 F.3d 428, 450 (6th Cir.) (internal quotation marks omitted), *cert. denied*, — U.S. —, 126 S. Ct. 797 (2005).

## B. Sex Offender Treatment

We review the imposition of a special condition of supervised release along two dimensions. One dimension is procedural: "'The [district] court, at the time of sentencing, [must] state in open court the reasons for its imposition of the particular sentence,' including its rationale for mandating special conditions of supervised release."[2] *United States v. Kingsley*, 241 F.3d 828, 836 (6th Cir.) (quoting 18 U.S.C. § 3553(c)), *cert. denied*, 534 U.S. 859 (2001). Carter does not challenge the procedural aspect of the imposition of the special condition, and in any event the district court did in fact state its reasons at the modification hearing.

Carter's attack is instead directed at the second, substantive dimension along which we review special supervised-release conditions. We have said, "This Circuit mandates that where a condition of supervised release is reasonably related to the dual goals of probation, the rehabilitation of the defendant and the protection of the public, it must be upheld." *United States v. Bortels*, 962 F.2d 558, 560 (6th Cir. 1992) (per curiam). This statement was an oversimplification, as the statutory requirements are actually more detailed. A sentencing court may impose a non-mandatory condition of supervised release[3] only if it meets three requirements. First, the condition must be "reasonably related to" several sentencing factors. 18 U.S.C. § 3583(d)(1). These factors are "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct; . . . to protect the public from further crimes of the defendant; and . . . to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D). Second, the condition must "involve[] no greater deprivation of liberty than is reasonably necessary for" several sentencing purposes. 18 U.S.C. § 3583(d)(2). These purposes are "to afford adequate deterrence to criminal conduct; . . . to protect the public from further crimes of the defendant; and . . . to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(B)-(D). Third, the condition must be "consistent with any pertinent policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583(d)(3). *See Kingsley*, 241 F.3d at 836-37 (reviewing these detailed requirements); *Ritter*, 118 F.3d at 504 (same).[4] Because they are written in the conjunctive, a condition must satisfy all three requirements. *See* 18 U.S.C. § 3583(d)(1)-(3). However, a condition need not satisfy every single factor and

---

[2] A district court's failure to explain its reasons for imposing a special condition will be deemed harmless error, however, if such reasons are clear from the record. *United States v. Berridge*, 74 F.3d 113, 119 (6th Cir. 1996).

[3] The district court may choose from among most of the conditions enumerated in 18 U.S.C. § 3563(b) or impose "any other condition it considers to be appropriate." 18 U.S.C. § 3583(d).

[4] These three requirements are also encapsulated in the following Guidelines policy statement:

The court may impose other conditions of supervised release to the extent that such conditions (1) are reasonably related to (A) the nature and circumstances of the offense and the history and characteristics of the defendant; (B) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (C) the need to protect the public from further crimes of the defendant; and (D) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and (2) involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth above and are consistent with any pertinent policy statements issued by the Sentencing Commission.

U.S. SENTENCING GUIDELINES MANUAL (U.S.S.G.) § 5D1.3(b) (2003).

purpose within each of the first two requirements. *See United States v. Johnson*, 998 F.2d 696, 699 (9th Cir. 1993).

Carter basically argues that the special condition is not "reasonably related" to either "the nature and circumstances of the offense" or "the history and characteristics of the defendant," 18 U.S.C. §§ 3553(a)(1), 3583(d)(1), and therefore constitutes a "greater deprivation of liberty than is reasonably necessary," *id.* § 3583(d)(2), to achieve the sentencing purposes of deterrence, protection of the public, and rehabilitation of the defendant, *id.* § 3553(a)(2)(B)-(D).[5] We first address whether the special condition is reasonably related to "the nature and circumstances of the offense," *id.* § 3553(a)(1), which in this case is being a felon in possession of a firearm. Of course, the offense on its face has nothing to do with sex. *See* 18 U.S.C. § 922(g)(1). Moreover, being a felon in possession of a firearm is not a sex offense as defined by the Guidelines for purposes of supervised release. *See* U.S. SENTENCING GUIDELINES MANUAL § 5D1.2 cmt. n.1 (2003). Finally, being a felon in possession is no more sexual in nature than other offenses that courts have concluded are not reasonably related to sex-offender conditions. *See United States v. Scott*, 270 F.3d 632, 636 (8th Cir. 2001) (explaining that sex-offender conditions "bear no reasonable relationship to" the crime of armed bank robbery); *United States v. T.M.*, 330 F.3d 1235, 1237, 1240 (9th Cir. 2003) (implying that sex-offender conditions did "not relate to the offense" of conspiracy to distribute and possess marijuana). *Cf. United States v. Modena*, 302 F.3d 626, 629, 636 (6th Cir. 2002) (where drug- and alcohol-related conditions were imposed, observing that "[n]either alcohol nor drug use played a role in [the instant] crime" of conspiracy to defraud the United States), *cert. denied*, 537 U.S. 1145 (2003). Thus, we conclude that Carter is correct that a sex-offender-treatment condition is not reasonably related to being a felon in possession of a firearm. Indeed, the government concedes as much. Appellee Br. at 4.

We next address whether the special condition is reasonably related to "the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). In actuality, our inquiry is whether the special condition is reasonably related to Carter's criminal history, as the government has offered no evidence of other "characteristics of the defendant." When explaining its decision to modify the special condition, the district court relied on sex offenses that Carter committed in 1988:

> [G]iven the defendant's presentence report, which contains a conviction in 1988 for rape during a burglary and a conviction of assault with intent to commit rape and an attempt to commit a felony which had some similarity to the other offenses, it seems to me that [the special condition] could have been ordered at the initial sentencing on the supervised release violation. Given the defendant's history of convictions for sexual offenses, I could have ordered at the time that he participate in a sexual offender treatment evaluation and program. And since I could have ordered it at that time, I can order it today without any further hearing.

J.A. at 38 (Hr'g Tr. at 9); *see also* J.A. at 51-53 (2001 Presentence Investigation Report at 6-8). Before this court, the government defends the special condition on the basis of both the 1988 offenses and Carter's guilty plea to a Tennessee charge of stalking in 2004, just months before the modification hearing. Appellee Br. at 6, 9; J.A. at 19 (Pet. on Probation and Supervised Release,

---

[5]Carter's brief might be read to include the independent argument that the imposition of the special condition is not "consistent with any pertinent policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583(d)(3). This argument relies on (1) the fact that the pertinent Guidelines policy statement recommends a sex-offender-treatment condition "[i]f the instant offense of conviction is a sex offense," U.S.S.G. § 5D1.3(d)(7), and (2) the fact that being a felon in possession of a firearm is not a sex offense, *see id.* § 5D1.2 cmt. n.1. However, the policy statement also provides that special conditions "may otherwise be appropriate in particular cases." *Id.* § 5D1.3(d). Therefore, the mere fact that the instant offense is not a sex offense does not make the imposition of the special condition inconsistent with the policy statement.

Memo. at 2).**6**   Thus, prior to assessing whether the special condition is reasonably related to Carter's criminal history, we must first decide which aspects of Carter's criminal history are relevant. If all that matters is the district court's rationale, then our inquiry is limited to the 1988 offenses. If, on the other hand, Carter's entire criminal history matters, then we may consider both the 1988 offenses and the 2004 stalking conviction, even though the district court relied on only the older offenses. The latter view is more consistent with our case law. *See United States v. Berridge*, 74 F.3d 113, 119 (6th Cir. 1996) (affirming a special condition, even though the district court did not explain its reasons, where the justification was evident from the record).

We first consider the 1988 offenses. There is no doubt that they were sexual in nature. Carter argues, however, that these offenses were too remote in time to justify the imposition of a sex-offender-treatment condition in 2005 (which is when the mental-health condition was modified to a sex-offender condition). It appears that this is a matter of first impression in this circuit,**7** so Carter relies on the persuasive authority of decisions from other courts of appeals. The Eighth Circuit vacated a number of sex-offender conditions that the district court justified on the basis of a fifteen-year-old sex offense. As Judge Richard Arnold explained:

> [T]here is no evidence supporting the need for the special conditions in [this] case. [The defendant] was convicted of a sexual offense in 1986, but the "special conditions of sex offenders" had never been imposed on [him] prior to the 2001 sentence. The government presented no evidence that [the defendant] has a propensity to commit any future sexual offenses, or that [he] has repeated this behavior in any way since his 1986 conviction. Therefore, the special conditions seem unlikely to serve the goals of deterrence or public safety, since the behavior on which the special conditions are based, though highly reprehensible, has ceased.

*Scott*, 270 F.3d at 636. The Ninth Circuit employed similar reasoning in vacating sex-offender conditions imposed on the basis of even older convictions:

> The conditions imposed run afoul of the supervised release statute because there is no reasonable relationship between them and either deterrence, public protection or rehabilitation. . . . [The sex offenses] took place twenty and forty years ago respectively. Supervised release conditions predicated upon twenty-year-old incidents, without more, do not promote the goals of public protection and deterrence. The fact that [the defendant] has lived the last twenty years without committing a sex offense suggests that he no longer needs to be deterred or shielded from the public.

*T.M.*, 330 F.3d at 1240 (citations omitted). *See also United States v. Kent*, 209 F.3d 1073, 1074, 1077 (8th Cir. 2000) (vacating a condition mandating psychological counseling where the last instance of physical abuse was at least thirteen years prior to the sentencing hearing). We adopt the persuasive reasoning of *Scott*, *T.M.*, and *Kent*. We need not and do not decide precisely how much time must elapse before a sex offense becomes too remote in time to be reasonably related to a sex-

---

**6**The government informed the district court of the 2004 stalking conviction at the modification hearing. J.A. at 37 (Hr'g Tr. at 8). As the passage quoted above makes clear, however, the district court did not rely on the 2004 stalking conviction in imposing the special condition, as it made no mention of the offense at all. Furthermore, the allusion to the presentence report cannot be understood to incorporate the 2004 conviction because the report was completed in 2001.

**7**Contrary to Carter's assertion, *Modena* is not quite on point. There, we vacated special conditions forbidding the use of alcohol and mandating drug and alcohol testing and treatment where there was no evidence of substance abuse whatsoever. *Modena*, 302 F.3d at 636. Therefore, we did not face the issue of whether otherwise relevant conduct was too remote in time to "count" as the basis for a special condition.

offender condition, as the instant gap — Carter's 1988 sex offenses occurred seventeen years before the imposition of the sex-offender-treatment condition in 2005[8] — fits comfortably within the cases.

We now turn to whether the special condition can be justified by the 2004 stalking conviction. The statute under which Carter was convicted provided: "A person commits the offense of stalking who intentionally and repeatedly follows or harasses another person in such a manner as would cause that person to be in reasonable fear of being assaulted, suffering bodily injury or death." TENN. CODE ANN. § 39-17-315(a)(1) (2004).[9] The language plainly encompasses both sexual and nonsexual conduct.[10] Thus, the mere fact of conviction is insufficient to establish that Carter committed a recent sex offense. The question is whether Carter actually committed the offense of stalking in a sexual manner. The government claims that he did. Appellee Br. at 6; *see also* J.A. at 37 (Hr'g Tr. at 8) ("[T]here w[ere] clearly sexual overtones to the entire stalking incident . . . ."). However, the evidence in the record of the stalking offense's nature is sketchy at best. The only mention of the offense in the record (other than the government's bare assertions at the modification hearing) is in the revocation petition completed by a probation officer. The conduct underlying the stalking conviction is described as "an obscene telephone call [Carter] made to his victim." J.A. at 19 (Pet. on Probation and Supervised Release, Memo. at 2). The word "obscene" is just as uninformative as the statutory definition of stalking: although an "obscene" telephone call *might* be sexual in nature, it need not be.[11] Thus, on the basis of the record before us, we cannot conclude that the 2004 stalking charge justifies the special condition.

---

[8] Noting that he was in prison for many of these seventeen years, the government argues that Carter should not be fully credited for refraining from committing sex offenses during this period. To the extent that the government is suggesting that Carter could not have committed sex offenses in prison even if he had wanted to, prison-violence studies and the prison-violence cases regularly brought in the federal courts suggest otherwise. *See, e.g.*, *Hudson v. Palmer*, 468 U.S. 517, 526 (1984); *Farmer v. Brennan*, 511 U.S. 825, 853 n.* (1994) (Blackmun, J., concurring); *United States v. Bailey*, 444 U.S. 394, 421 (1980) (Blackmun, J., dissenting); *McGhee v. Foltz*, 852 F.2d 876, 880 (6th Cir. 1988). Moreover, if Carter *had* committed a sex offense while in prison, there is little doubt that the government (appropriately) would rely on it to support the imposition of a sex-offender condition. The government is not entitled to a one-way ratchet wherein prison behavior may count against but not in favor of the defendant.

[9] The statute has since been amended; it now provides: "'Stalking' means a willful course of conduct involving repeated or continuing harassment of another individual that would cause a reasonable person to feel terrorized, frightened, intimidated, threatened, harassed, or molested, and that actually causes the victim to feel terrorized, frightened, intimidated, threatened, harassed, or molested[.]" TENN. CODE ANN. § 39-17-315(a)(4) (2005). Of course, the relevant statute for present purposes is the one we quote in the text: the 2004 version in effect when Carter committed the offense.

[10] This point is confirmed when one compares the language of the 2004 statute to the prior (1994) version, which provided: "A person commits the offense of stalking . . . [w]ho repeatedly follows or harasses another person with the intent to place that person in *reasonable fear of a sexual offense, bodily injury or death*; and . . . [w]hose actions would cause a reasonable person to suffer substantial emotional distress; and . . . [w]hose acts induce emotional distress to that person." TENN. CODE ANN. § 39-17-315(a)(1) (1994) (emphasis added). The disjunctive phrase "reasonable fear of a sexual offense, bodily injury or death" demonstrates that the 1994 version encompassed both sexual and nonsexual conduct. The 2004 version under which Carter was convicted replaced "a sexual offense" with "being assaulted," making the relevant phrase "reasonable fear of being assaulted, suffering bodily injury or death." Thus, the 2004 statute sweeps even wider than the 1994 version, which already reached both sexual and nonsexual conduct.

[11] Obscenity is associated with sex in the First Amendment context, but it also has a more general meaning that is not necessarily related to sex. *See, e.g.*, BLACK'S LAW DICTIONARY (8th ed. 2004) ("Extremely offensive under contemporary community standards of morality and decency; grossly repugnant to the generally accepted notions of what is appropriate."); OXFORD ENGLISH DICTIONARY (2d ed. 1989) ("1. Offensive to the senses, or to taste or refinement; disgusting, repulsive, filthy, foul, abominable, loathsome."); WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1981) ("1 a : disgusting to the senses usu. because of some filthy, grotesque, or unnatural quality . . . . b : grossly repugnant to the generally accepted notions of what is appropriate . . . .").

In sum, the sex-offender-treatment condition is not reasonably related to either the instant offense of being a felon in possession of a firearm or Carter's criminal history (as reflected in the record). Thus, we vacate the special condition. We instruct the district court on remand to determine whether the nature and circumstances of the 2004 stalking offense justify reimposition of the special condition. We note that because the polygraph-testing requirement is part of the sex-offender-treatment condition (rather than an independent condition), it is vacated along with the rest of the condition. This result makes it unnecessary to reach Carter's Fifth Amendment claim, and we express no opinion on its merits.

## III. CONCLUSION

For the reasons set forth above, we **VACATE** the special condition and **REMAND** for further proceedings consistent with this opinion.

---

**CONCURRENCE**

---

GRIFFIN, Circuit Judge, concurring. I concur in the result reached by the majority, but, on remand, I would not limit the discretion of the sentencing judge. I view it imprudent to establish a bright-line rule regarding how remote in time a prior conviction must be before it is not reasonably related to a district court's sentencing calculations. However, I agree with the majority that on this record, the government did not demonstrate, and the district court did not sufficiently explain, why, if at all, Carter's prior sex offenses were reasonably related to the imposition of the specific condition of mental-health treatment seventeen years later.

On remand, I would not preclude the sentencing judge from articulating reasons, if any, why defendant's 1988 rape and assault with intent to commit rape convictions, coupled with his current character and propensities, warrant the special condition. In determining whether a district court acted within its discretion by relying on prior sex-related convictions to justify the imposition of special conditions, the inquiry is fact-specific and should be decided on a case-by-case basis. *See, e.g.*, *United States v. Vinson*, 147 F. App'x 763, 772-73 (10th Cir. 2005) (unpublished) (holding that defendant, who was convicted of wire and mail fraud and subscribing to false tax return and who had previously been convicted of a sex offense ten years earlier, could be required to participate in sex offender and/or mental health treatment).

For these reasons, I would not limit the discretion of the district court on remand.