NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0344n.06
Filed: May 15, 2009

No. 08-4408

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

        v.

TYRONE GILBERT,

    Defendant-Appellant.

On Appeal from the United
States District Court for the
Northern District of Ohio at
Youngstown

—————————————————————————————/

**Before:**     **GUY, ROGERS, and GRIFFIN**, **Circuit Judges.**

    **RALPH B. GUY, JR., Circuit Judge.**    Defendant Tyrone Gilbert appeals from the

revocation of his supervised release. The district court revoked defendant's supervised

release after it found that defendant failed to successfully complete a six-month placement

in a Community Corrections Center. Defendant argues that it was an abuse of discretion to

revoke his supervised release when he disputed the rules violations that were the basis of his

discharge from the halfway house. After review of the record and the arguments presented

on appeal, we affirm.

**I.**

    Defendant was charged with and pleaded guilty to two counts: possession with intent

to distribute cocaine base, 21 U.S.C. § 841(a)(1) and (b)(1)(C); and being a felon-in-

possession of a firearm and ammunition, 18 U.S.C. § 922(g)(1). Initially sentenced to a 76-month term of imprisonment and three years of supervised release, defendant's term of imprisonment was reduced to 57 months after amendment to the crack cocaine guidelines. *See* 18 U.S.C. § 3582. Defendant entered supervised release in March 2008, and two months later was charged with violating its conditions by testing positive for marijuana use and failing to report for drug testing. Defendant consented to a modification of his supervised release, including service of three months in a Community Corrections Center (CCC). Before that placement began, however, defendant was charged with two additional violations in a second violation report. At a hearing held August 8, 2008, defendant admitted all four violations, and the government argued for revocation of supervised release. The district court again modified defendant's supervised release, this time imposing as a condition that he successfully complete a six-month period in a halfway house or CCC.

Defendant began the six-month placement at a CCC on August 25, 2008, and was discharged from the facility on September 30, 2008. A third violation report charged that defendant failed to comply with the conditions of supervised released, and, at a hearing held October 23, 2008, defendant argued that he did not actually violate the rules for which he was discharged from the CCC. The probation officer testified that defendant was written up for two program violations: possession of contraband, namely, a Motorola cell phone charger on September 1, 2008, and a cellular phone on September 10, 2008. He was discharged when, on September 30, he was seen with a cell phone in his belt and refused to turn it over. Gilbert's girlfriend, Marlene Viera, testified that she had given him an MP3

player that could be mistaken for a phone and that it had a Motorola charger. Gilbert testified that the staff at the CCC mistook his MP3 player for a cell phone and that the charger was for the MP3 player.

At the conclusion of the hearing, the district court found that defendant had violated the conditions of supervised release by his admitted failure to complete the six-month CCC placement. The district court added that "there may have been some misunderstanding about what electronic device he had, [but] it was incumbent upon him to bring that to the attention of the people at the community correction center." Finally, the district court declined to second-guess the determination by the CCC staff that defendant violated the program rules. Revoking defendant's supervised release, the district court sentenced defendant at the bottom of the guidelines range to a six-month term of imprisonment, to be followed by an additional term of supervised release. This appeal followed.

## II.

We review a district court's decision to revoke supervised release for abuse of discretion, "giving fresh review to its legal conclusions, and clear-error review to its fact findings." *United States v. Kontrol*, 554 F.3d 1089, 1091-92 (6th Cir. 2009) (citations omitted); *see also United States v. Carter*, 463 F.3d 526, 528 (6th Cir. 2006). Defendant argues that it was an abuse of discretion for the district court to find that he violated the conditions of supervised release without considering whether he committed the underlying program violations that led to his discharge from the CCC placement.

A district court may revoke a term of supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). Here, there was ample evidence, indeed a concession, that defendant violated the conditions of his supervised release, as modified, by not successfully completing the six-month CCC placement. *See United States v. Kirby*, 418 F.3d 621, 626-27 (6th Cir. 2005). Defendant also had the opportunity to present evidence regarding the discharge. The district court was not required to determine whether the discharge for violating the rules was justified, but could consider the defendant's explanations in deciding whether to modify or revoke the conditions of supervised release. The district court did not abuse its discretion in this case.

**AFFIRMED.**