**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0328n.06

**No. 10-1451**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

<table>
<tr><td>UNITED STATES,</td><td>)</td><td rowspan="13"></td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>Plaintiff-Appellee,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>v.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>MICHAEL WHITFIELD,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>Defendant-Appellant.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
</table>

FILED

*Mar 23, 2012*

LEONARD GREEN, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF MICHIGAN

**BEFORE:  GILMAN, ROGERS, and STRANCH, Circuit Judges.**

**ROGERS, Circuit Judge.**  Criminal defendant Michael Whitfield, who was convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1), appeals the imposition of a curfew as a special condition of his supervised released.  He argues for the first time on appeal that the district court did not provide a rationale for imposing the curfew, and that a curfew is not related to his prior criminal history or the district court's purported aim of protecting the public.  As one "tool" to limit Whitfield's opportunities for recidivism and to protect the public, however, the curfew is a reasonable condition on Whitfield's supervised release, and does not amount to plain error.

Following a 911 call, Kalamazoo police officers approached Whitfiled at the Interfaith apartment complex in Kalamazoo, Michigan at approximately 3 a.m., and chased Whitfield on foot when he fled.  When the officers caught him, he had a 9 mm semiautomatic handgun tucked in his

1

waistband and a loaded magazine in his right front pants pocket. Whitfield had been paroled only two weeks earlier, after serving seven and a half years in jail for gross negligence causing a miscarriage. R. 44, Sentencing Tr. at 33.

Whitfield was tried and convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). R. 1, Indictment. The district court sentenced Whitfield to 120 months imprisonment, followed by 3 years of supervised release, as well as a $2,500 fine and $100 special-assessment fee. After evaluating the Section 3553(a) factors, the district court justified Whitfield's 120-month sentence by describing Whitfield's long criminal history, which culminated in the death of unborn twins after he fled from police officers and crashed into a vehicle with a pregnant woman inside. R. 44, Sentencing Tr. at 32-33. The district court found that 120 months was "an appropriate sentence, even a necessary sentence, to achieve deterrence with respect to Mr. Whitfield and public safety." *Id.* at 31.

The district court also imposed a curfew as a condition of Whitfield's supervised release. Under the terms of the curfew, "on weekdays he [is to] be in his residence by 10 p.m. and on weekends [Friday, Saturday, Sunday] by 11 p.m., . . . until 6 a.m.[,] unless approved in advance by the probation officer." *Id.* at 40. When imposing the curfew, the court noted that "I don't [impose a curfew] very often, particularly for a person who will be around 40 years old by the time of release, but, again, I think it's an important element and tool to promote public safety in the case of Mr. Whitfield." *Id.* at 40-41. Neither the Government's nor Whitfield's sentencing memorandum addressed the need for a curfew. Appellant Br. at 5; *See also* R.30, Sentencing Memorandum by USA; R. 31, Sentencing Memorandum by Whitfield. The Presentencing Report, which recommended the statutory maximum sentence of 120 months, was also silent on this matter.

After discussing the sentence and the special condition, the district court asked the government and defense counsel if they had any "legal objections" to the sentence. R.44, Sentencing Tr. at 41. To this, defense counsel replied: "None. General." *Id.*

On appeal, Whitfield argues that the district court abused its discretion when it imposed a curfew upon Whitfield as a special condition of his supervised release. Imposition of the curfew, however, was not plain error.

Plain-error review applies because Whitfield did not clearly articulate to the district court his objection to the curfew. *United States v. Kingsley*, 241 F.3d 828, 835 (6th Cir. 2001). In response to the district court's inquiry as to whether either party had "legal objections" to the sentence, defense counsel vaguely replied, "None. General." R. 44, Sentencing Tr. at 41. This response was of such a "high-degree of generality" that the district court was unable to respond to or note the objection, *See United States v. Simmons*, 587 F.3d 348, 357 (6th Cir. 2009), and thus we will review the curfew under the heightened plain-error standard. *Kingsley*, 241 F.3d at 835.

To demonstrate plain error, a defendant must show: (1) an error; (2) that was "obvious or clear"; (3) that "affected defendant's substantial rights"; and (4) that "seriously affected the fairness, integrity or public reputation of the judicial proceedings." *United States v. Koeberlein*, 161 F.3d 946, 949 (6th Cir. 1998) (citations omitted). In this case there was no error, and in any case no error that affected defendant's substantial rights or seriously affected the fairness of the proceedings.

The district court did not commit a procedural error at sentencing. The curfew imposed was procedurally proper because the district court stated its rationale for imposing this special condition in open court. *See United States v. Carter*, 463 F.3d 526, 529 (6th Cir. 2006); *Kingsley*, 241 F.3d at 836 (citing 18 U.S.C. § 3553(c)). During sentencing, the district court stated that the curfew is

3

"an important element and tool to promote public safety in the case of Mr. Whitfield." R.44, Sentencing Tr. at 40-41. By mentioning "the case of Mr. Whitfield," the district court effectively referred to its lengthy discussion of Whitfield's criminal history, *id.* at 31-32, 35, 37, 39, which supported the district court's concern for public safety, and more explanation than this brief rationale was not required.

The brevity of the rationale provided at sentencing also did not affect Whitfield's substantial rights and did not affect the fairness or integrity of the judicial proceedings. Although the district only briefly discussed its rationale for imposing the curfew, the district court repeatedly expressed its concern for public safety throughout the sentencing hearing, *id.* at 31, 39, 41, in light of Whitfield's extensive criminal record and history of recidivism. *Id.* at 32, 37. With these concerns, it was reasonable for the district court to impose a curfew in an effort to hinder Whitfield's opportunities to participate in further criminal activity, aiding his own rehabilitation and enhancing public safety. A district court's failure to explain its reasons for imposing a special condition amounts to harmless error if the reasons are clear from the record, *Carter*, 463 F.3d at 529 n.2, and "the subject special condition is related to the dual major purposes of probation, namely rehabilitation of the offender and enhancement of public safety." *United States v. Brogdon*, 503 F.3d 555, 564 (6th Cir. 2007); *see also United States v. Berridge*, 74 F.3d 113, 119 (6th Cir. 1996). Because the brief rationale provided sufficient reasoning for the curfew, Whitfield's substantial rights were not affected.

There was no plain error with respect to Whitfield's substantive challenge to the curfew because there was no error—the condition is reasonable. The district court carefully considered and weighed the relevant § 3553(a) factors as incorporated in 18 U.S.C. § 3583(c). The relevant factors

4

include the nature and circumstances of the offense; Whitfield's history and characteristics; the need to provide adequate deterrence of future criminal conduct; the need to protect the public; the need to provide for Whitfield's rehabilitation; recognition of the applicable sentencing range; and consideration of any pertinent policy statements by the Sentencing Commission. 18 U.S.C. § 3583(c); 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5). To the extent that the district court did not discuss the need to avoid unwarranted sentencing disparities among defendants with similar records, 18 U.S.C. § 3553(a)(6), this omission did not sufficiently undermine the substantive reasonableness of the curfew under plain-error review. There was also no need to provide restitution to victims because there were none for this particular offense. 18 U.S.C. § 3553(a)(7).

As a preliminary matter, the district court discussed Whitfield's sentencing range, based upon the applicable category of the offense committed and his applicable category as a defendant, and recognized that the sentencing range was limited by the statutory maximum. R. 44, Sentencing Tr. at 9; 18 U.S.C. § 3553(a)(4).

The factors considered by the district court were reasonably related to the imposition of the curfew. First, the curfew is reasonably related to the "nature and circumstances of the offense" because the underlying conviction, as well as at least one other of Whitfield's felonies, occurred at night. 18 U.S.C. § 3553(a)(1). In this instance, the police arrested him at 3 a.m., brandishing a gun with an obliterated serial number and frightening the residents of an apartment complex. R.46, Testimony of Wolbrink at 5; R.44, Sentencing Tr. at 35. In *Kingsley*, we held that a prohibition on operating all motor vehicles was reasonable, even though the underlying offense was for being a felon in possession of firearms, because "the vehicle's involvement . . . materially contributed to [the

5

offense's] overall nature." 241 F.3d at 838.  Similarly, the fact that Whitfield's offense occurred at night contributed to its "overall nature"; for instance, it is arguably easier to brandish a weapon and threaten others with it during the middle of the night than in broad daylight.

Second, the curfew is also reasonably related to "the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1).  Considering Whitfield's recidivism, R. 44, Sentencing Tr. at 37, and the fact that the events for the underlying conviction occurred just two weeks into his parole, *id.* at 33, it is understandable that the district court wanted to impose a condition in an attempt to limit any further criminal misconduct.  It was also reasonable for the district court to consider Whitfield's long criminal history, including six juvenile convictions and three felonies as an adult, *id.* at 32, when determining that a curfew would be necessary to protect the public. 18 U.S.C. § 3553(a)(2)(C).

Though the district court did not explicitly relate Whitfield's curfew to the need to provide adequate deterrence of future criminal conduct and to provide for Whitfield's rehabilitation, the district court considered these factors when determining the totality of Whitfield's sentence, which included the supervised release and any related special conditions.  During sentencing, the district court noted the "need to provide rehabilitation" to Whitfield, "and the need to provide deterrence, both generally to . . . the public who might be inclined to similar forms of misconduct but also to the person in front of the Court."  R. 44, Sentencing Tr. at 30-31.  In light of these concerns, the district court could assume that a curfew that restricts Whitifield's activities to the daytime could limit Whitfield's opportunities for recidivism, thus aiding his rehabilitation and protecting the public.  In addition, a curfew could help deter others from brandishing a firearm in a threatening manner.

Finally, the curfew is reasonable and consistent with the pertinent policy statement in U.S.S.G. § 5D1.3(e)(5). *See* 18 U.S.C. § 3553(a)(5). In this statement, the Sentencing Commission suggests that a curfew may be imposed "if the court concludes that restricting the defendant to his place of residence during evening and nighttime hours is necessary to protect the public." U.S.S.G. § 5D1.3(e)(5). As discussed above, the district court imposed the curfew largely because Whitfield's extensive criminal history and "lack of penitent" behavior created a concern for the public. R.44, Sentencing Tr. at 40-41. Therefore, the curfew in this case is consistent with the Sentencing Commission's policy.

Other circuits have found curfews to be reasonable. In *United States v. Musso*, 643 F.3d 566, 571 (7th Cir. 2011), the Seventh Circuit held that a curfew was reasonable after Musso was convicted of possessing child pornography because the condition was aimed at "preventing contact offenses." In *United States v. Asalati*, 615 F.3d 1001, 1008 (8th Cir. 2010), the Eighth Circuit held that "the nature and extent of Asalati's prior crimes . . . demonstrate a continued and escalating inability to operate within the confines of the law" and justified the imposition of a curfew.

Our decision in *United States v. Ritter*, 118 F.3d 502, 504 (6th Cir. 1997), also indicates that a special condition should not unnecessarily deprive a defendant of his liberty. The curfew in this case involved no greater deprivation of liberty than is reasonably necessary to protect the public and encourage Whitfield's rehabilitation. When imposing the sentence, the district court specified that Whitfield's curfew could be modified if "approved in advance by the probation officer." R. 44, Sentencing Tr. at 40. Thus, if Whitfield has a legitimate reason to be out at night, such as working an overnight shift, the condition is lenient enough to allow for modifications. In *Kingsley*, this court held that the prohibition on operating a motor vehicle was reasonable in part because Kingsley could

7

apply to the district court for a modification if he were able to prove sufficient rehabilitation or that "the absolute motorist prohibition somehow render[ed] his participation in the court-ordered treatment programs impossible." 241 F.3d at 839; 18 U.S.C. § 3563(c). Similarly, the opportunity to modify the curfew prevents the curfew from unnecessarily depriving Whitfield of his liberty.

For the foregoing reasons, we affirm the district court's imposition of a curfew during Whitfield's supervised release.