**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 19a0151n.06**

**No. 18-1332**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

<table>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td><td rowspan="11"></td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>Plaintiff-Appellee,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>v.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>ANTONY MASHON BLUE,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>Defendant-Appellant.</td><td>)</td></tr>
</table>

**FILED**
Mar 28, 2019
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

---

**BEFORE:**     CLAY and STRANCH, Circuit Judges; PEARSON, District Judge.[*]

**BENITA Y. PEARSON, District Judge.** Defendant Antony Mashon Blue presents two issues in an appeal from a Judgment entered following his plea of guilty of possession with intent to distribute crack, heroin, and hydrocodone and possession of a firearm in furtherance of a drug trafficking crime. For the reasons that follow, we **AFFIRM**.

## I.     BACKGROUND

On June 13, 2017, an indictment was returned charging Blue with being a felon in possession of a firearm (Count 1); possession with intent to distribute crack, heroin, and hydrocodone (Count 2); and, possession of a firearm in furtherance of a drug trafficking crime (Count 3). In connection with Count 2, the penalty sheet (filed by the Government with the indictment) stated that Defendant faced a maximum sentence of 20 years in prison, followed by

---

[*]The Honorable Benita Y. Pearson, United States District Judge for the Northern District of Ohio, sitting by designation.

supervised release of three years to his lifetime. The penalty sheet also advised Defendant that, if he had prior drug convictions, and the Government filed a supplemental notice of this fact, the maximum sentence increased to imprisonment of 30 years and supervised release of six years to life. Three days later, the Government filed the enhancement notice pursuant to 21 U.S.C. § 851 advising Defendant that his five prior drug convictions qualified him for the increased sentence.

Blue appeared for his arraignment on June 21, 2017. At that hearing, the magistrate judge told him about the enhanced penalties:

> THE COURT: So on Count 2, let me -- I misspoke then. The government has filed this notice of prior felony drug conviction, so the penalties on Count 2 go up because of that. So the maximum penalties on Count 2 are now up to 30 years in prison and a fine of up to $2 million, and supervised release of at least six years and up to lifetime supervised release. Do you understand the maximums on Count 2?
>
> THE DEFENDANT: Yes, your Honor.

(R. 58, Arraignment Tr., PageID 209.)

On November 22, 2017, Blue tendered a guilty plea to Counts 2 and 3 before a magistrate judge. During the plea colloquy, the magistrate judge discussed the penalties that Blue faced:

> THE COURT: Now, the penalties you could receive on these charges if you plead guilty to them or you are found guilty after a trial in terms of Count II, the possession with intent to distribute controlled substances, the maximum penalty you could receive would be not more than 20 years in prison, and/or not more than a $1 million fine, supervised release of --
>
> MR. VERHEY: I'm sorry, could I correct the Court on that?
>
> THE COURT: Yes.
>
> MR. VERHEY: The defendant has five prior drug convictions so a supplement was filed which means that the maximum is 30 years, and a $2 million fine, and a minimum period of supervised release of six years.
>
> THE COURT: All right. Thank you. Do you understand that distinction, Mr. Blue?
>
> THE DEFENDANT: Now I do.
>
> THE COURT: Now you do?
>
> THE DEFENDANT: Yeah.

> THE COURT: Okay. And supervised release of at least six years, you said, Mr. VerHey?
>
> MR. VERHEY: That's correct, Your Honor.

(R. 42, Change-of-Plea Tr., PageID 98-99.) As the plea hearing continued, Blue appeared to be concerned that he would not be able to withdraw his plea if he got a sentence harsher than he anticipated. When the magistrate judge offered Blue the opportunity to further discuss his decision with his attorney, Blue declined.

> THE COURT: You're pleading to some very serious charges so I want to make sure that you have had the best advice you can get. So do you want to move forward or do you want to talk to your attorney off the record? Pardon?
>
> THE DEFENDANT: Move forward.
>
> THE COURT: What?
>
> THE DEFENDANT: Move forward.
>
> THE COURT: Are you sure?
>
> THE DEFENDANT: Yeah.

(*Id.*, PageID 105.)

Immediately before the sentencing hearing, district court staff asked Blue and his attorney to review a proposed Order Regarding Additional Sentencing Conditions listing the following eight proposed special conditions of supervision:

> 1. You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office will share financial information with the U.S. Attorney's Office.
>
> 2. You must participate in a program of testing and treatment for substance abuse, as directed by the probation officer, and follow the rules and regulations of that program until such time as you are released from the program by the probation officer, and must pay at least a portion of the cost according to your ability, as determined by the probation officer.
>
> 3. You must participate in a cognitive behavioral treatment program, as directed by the probation officer, and follow the rules and regulations of that program until such time as you are released from the program by the probation officer and must pay at least a portion of the cost according to your ability, as determined by the probation officer.
>
> 4. You must participate in a vocational services program as directed by the probation/pretrial services officer. Such program may include on-the-job readiness

training and skills development training. You must pay at least a portion of the cost according to your ability, as determined by the probation officer.

5. You must not work in any type of employment without the prior approval of the probation officer.

6. You must not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances or paraphernalia related to any controlled substance (e.g., synthetic marijuana, bath salts, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption.

7. You must not use or possess any controlled substances without a valid prescription. If you have a valid prescription, you must follow the instructions on the prescription. You must not possess, use, or sell marijuana or any marijuana derivative (including THC) in any form (including edibles) or for any purpose (including medical purposes). You are also prohibited from entering any marijuana dispensary or grow facility.

8. You must not possess or be the primary user of any cellular telephone without prior permission from the probation officer. If given permission to use/possess a cellular telephone, you must provide the number to the probation officer, and the telephone must be maintained in your name or another name approved in advance by the probation officer.

(R.48, PageID 159-60.) Defendant and his attorney signed the proposed Order indicating that they reviewed and understood it.

Defendant stated the following during his allocution:

[W]hat I now realize and understand is that I was not equipped or prepared to tackle life or navigate through life in a constructive manner due in large part to my faulty core belief system and irrational thinking process. . . . I have been able to see and recognize my antisocial and criminal thinking patterns. . . .

(R. 56, Sentencing Tr., PageID 190-91.)

After the sentencing court's analysis of the relevant 18 U.S.C. § 3553(a) factors, the district court granted Defendant a downward variance from the Guidelines range of 77–96 months and imposed a sentence of 60 months for the drug trafficking charge in Count 2, followed by a consecutive sentence of 60 months for Count 3, followed by six years of supervised release. Count 1 was dismissed on motion of the Government. The district judge signed the Order Regarding Additional Sentencing Conditions for entry on the docket. The Judgment also sets forth the eight

special conditions of supervision. At the conclusion of the sentencing hearing, the district court asked: "Are there any legal objections to the sentence I have just announced that are not already on the record. . . . ?" Both attorneys answered in the negative. (R. 56, PageID 199.)

## II.    ANALYSIS

### A. The District Court Did Not Err by Applying Certain Special Conditions of Supervised Release to Blue's Sentence.

Blue argues that the abuse-of-discretion standard applies to this argument because the district judge failed to ask a proper *Bostic* question at the sentencing hearing. *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008); *United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004).

The Government argues that the question posed by the district court at the conclusion of the sentencing hearing complies with the rule established in *Bostic*. *See United States v. Pittman*, 736 F. App'x 551, 553 (6th Cir. 2018) (citing examples of proper *Bostic* questions). We agree. Therefore, plain error review applies.

To be part of a substantively reasonable sentence, all conditions of supervision must be "reasonably related to the dual goals of probation, the rehabilitation of the defendant and the protection of the public." *United States v. Ziska*, 602 F. App'x 284, 293 (6th Cir. 2015) (quoting *United States v. Carter*, 463 F.3d 526, 529 (6th Cir. 2006)); *United States v. Brogdon*, 503 F.3d 555, 563 (6th Cir. 2007). Special conditions of supervision must also comply with the requirements of procedural reasonableness. This means the sentencing court must state in open court at the time of sentencing its rationale for mandating them. *Carter*, 463 F.3d at 528-29 (quoting *United States v. Kingsley*, 241 F.3d 828, 836 (6th Cir. 2001); *Ziska*, 602 F. App'x at 293; *Brogdon*, 503 F.3d at 563.

At the time of sentencing, Blue was 27 years old and had 19 prior convictions, including five for drug trafficking. He also used drugs himself, had little formal education, and had very little history of legitimate verifiable employment. The crimes and Defendant's background prompted the probation officer to suggest in the presentence report that the district court impose seven discretionary conditions of supervision. Each proposed condition included an explanation of why the probation officer was proposing it and why it was necessary for Blue's rehabilitation and public safety. The probation officer carefully linked each of the seven special conditions he proposed to a characteristic of Defendant or the crimes. Most of the conditions related to preventing drug use while on supervision and arose from Defendant's documented history of drug use. Defendant did not object to any of the conditions suggested by the probation officer or to the description of his background. In addition, in his sentencing memorandum, Defendant did not object to the proposed terms of supervision or the length of supervision mandated by statute.

All seven of the conditions suggested by the probation officer were included in the proposed Order Regarding Additional Sentencing Conditions. The one addition was Condition 5, which states, "You must not work in any type of employment without the prior approval of the probation officer." Defendant and his attorney signed the proposed Order without objection and the district court signed it during the Sentencing hearing. Defendant did not object to any of the eight special conditions during the sentencing hearing.

According to Blue, the district court erred by failing to provide, in open court, the rationale for imposing the special conditions and failing to meet the statutory requirements of 18 U.S.C. § 3583(d). Defendant relies on *United States v. Inman*, 666 F.3d 1001 (6th Cir. 2012), in arguing the district court committed plain error requiring remand for resentencing by not explaining each condition. In *United States v. Collins*, 799 F.3d 554 (6th Cir. 2015), we stated:

It is true that our precedent "clearly requires a district court to state in open court at the time of sentencing its rationale for mandating special conditions of supervised release." However, "[a] district court's failure to explain its reasons for imposing a special condition will be deemed harmless error . . . if such reasons are clear from the record."

*Id.* at 599 (alterations in original) (citations omitted).

The Government argues that, although the district court did not expressly articulate its rationale for each of the eight special conditions of supervision at the sentencing hearing, the reasons were clear from the record and the sentencing court ensured that Defendant and his counsel had an opportunity to review them and lodge any objections.

In *Ziska*, the district court offered no specific rationale for the imposition of the special conditions of supervised release. We stated:

[A] sentencing court's failure to expressly explain its reasons for exacting a particular special condition of supervised release will be deemed harmless error if the supporting reasons are evident on the overall record, and the subject special condition is related to the dual major purposes of probation, namely rehabilitation of the offender and enhancement of public safety.

602 F. App'x at 293 (quoting *Brogdon*, 503 F.3d at 564).

We hold there is enough in the record, including Defendant's acknowledgement during his allocution that he needed help living a law-abiding life, to make clear why the district court imposed the eight special conditions of supervision. The conditions serve the dual goals of supervision: rehabilitation and protection of the public. Moreover, the condition that Blue obtain his probation officer's approval before accepting employment is supported by the district judge's comments made during the sentencing hearing and information in the presentence report regarding Defendant's lack of prior employment. Defendant has no significant prior employment history, and this condition, as well as condition number four, are necessary to ensure that Defendant eventually obtains employment in a position that will not put Defendant or the public at risk of Defendant returning to his prior unlawful ways. Together, conditions four and five serve the joint

purpose of preparing Defendant for a lifetime of productive employment in a suitable field. Because the reasons for imposing the special conditions are evident from the record and because the special conditions serve the dual purposes of rehabilitation of Defendant and preservation of public safety, we hold there was no plain error. *Ziska*, 602 F. App'x at 294.

**B. The Guilty Plea was Knowing and Voluntary With Regard to the Increased Minimum Term of Supervised Release.**

Blue argues his guilty plea was not knowing or voluntary because the 21 U.S.C. § 851 Notice failed to sufficiently warn him of the increased statutory penalty that he faced because of his prior drug-related convictions—primarily the increased minimum term of supervised release. The parties agree that the appropriate standard of review is plain error because Defendant did not object to this matter before the trial court. *United States v. Swinney*, 728 F. App'x 485, 487 (6th Cir. 2018) (citing *United States v. Vonn*, 535 U.S. 55, 59 (2002)).

In connection with Count 2, the penalty sheet stated that Defendant faced a maximum sentence of 20 years in prison, followed by supervised release of three years to his lifetime. The penalty sheet also advised Defendant that, if he had prior drug convictions, and the Government filed a supplemental notice of this fact, the maximum sentence increased to imprisonment of 30 years and supervised release of six years to life. Three days later, the Government filed the enhancement notice, advising Defendant that his five prior drug convictions qualified him for the increased penalties.

At his arraignment, the magistrate judge also told Blue about the enhanced penalties. Defendant stated that he understood the maximums on Count 2. Defendant was informed again by the magistrate judge at his change-of-plea hearing that he was subject to a minimum period of supervised release of six years. Defendant's argument that his guilty plea was not knowing or voluntary is premised on the plea colloquy and his "obvious surprise" concerning the minimum

period of supervised release due to the 21 U.S.C. § 851 filing. Blue, however, was informed of the correct penalty range before he entered his plea. He did not move to set aside his guilty plea after the change-of-plea hearing concluded. The magistrate judge filed her recommendation that the guilty pleas as to Counts 2 and 3 of the indictment be accepted on December 7, 2017. Defendant did not object to the recommendation, and on December 22, 2017, the district court adopted it. The presentence investigator repeated the penalties in the presentence report. Blue did not object or move to withdraw his plea.

Because Blue was on notice of all the penalties prior to pleading guilty, his plea was both knowing and voluntary. The district court did not commit error, plain or otherwise, when it accepted Blue's plea of guilty a month after it was made.

### III.    CONCLUSION

For the reasons stated above, the Court **AFFIRMS** the district court.