NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0436n.06

Case No. 20-4089

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| DAVID CULVER, | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | |

FILED
Sep 20, 2021
DEBORAH S. HUNT, Clerk

BEFORE: GILMAN, THAPAR, and NALBANDIAN, Circuit Judges.

THAPAR, Circuit Judge. David Culver argues that the district court should have neither sentenced him to the statutory maximum sentence nor imposed sex-offense conditions of supervised release. We disagree and affirm.

I.

After David Culver's children complained of sexual abuse, a social worker had them removed from his custody. In response, Culver reached out to a friend and asked whether he "still ha[d] any contacts with some bad people? I need a huge favor." R. 21, Pg. ID 121. The favor was indeed huge. "I need to get rid of someone ASAP." *Id.* When the friend asked Culver what he meant, he responded: "None breathing." *Id.* After numerous phone calls with his friend and an in-person meeting with a hitman, Culver thought he had sealed the deal to get rid of the social

worker. But to Culver's surprise, his friend was a confidential informant. And the hitman? An undercover police officer.

Caught red-handed, Culver pled guilty to murder-for-hire under a federal statute. The district court sentenced him to the statutory maximum (120 months). In addition, the court mandated that, as special conditions of supervised release, Culver participate in sex-offense assessment and treatment programs.

Culver argues that (1) the special conditions of supervised release were not "reasonably related" to the nature and circumstances of his offense or his history and characteristics, and (2) imposing the statutory maximum was substantively unreasonable given his "traumatic history and characteristics." Appellant's Br. 12.

## II.

A district court has the discretion to impose special conditions of supervised release if, as relevant here, the conditions are "reasonably related" to either the "nature and circumstances of the offense" or the "history and characteristics of the defendant." 18 U.S.C. §§ 3553(a)(1), 3583(d); *United States v. Carter*, 463 F.3d 526, 529 (6th Cir. 2006).

First, Culver argues that the nature and circumstances of his offense do not reasonably relate to the sex-offense special conditions. He hangs his hat on the fact that his offense—murder-for-hire—is not, by its nature, a sex crime. And, he points out, he did not commit the offense "in a sexual manner." Appellant's Br. 9 (quoting *Carter*, 463 F.3d at 533). But both arguments lack merit. A district court can impose sex-offense special conditions whenever the circumstances *relate* to sexual misconduct. *See, e.g.*, *United States v. Barcus*, 892 F.3d 228, 236 (6th Cir. 2018) (affirming sex-offense special conditions even though the crime was not a "sex offense" under the Guidelines nor committed in a sexual manner (citing U.S.S.G. § 5D1.2 cmt. n.1)). Culver hired a

hitman to kill a social worker investigating allegations that he sexually abused his children. The "circumstances" of the murder-for-hire thus reasonably relate to the alleged sexual misconduct—the abuse of his children. The district court, therefore, was not precluded from considering the allegations even though they never led to a stand-alone prosecution. *See United States v. Childress*, 874 F.3d 523, 528–29 (6th Cir. 2017).

Next, Culver argues that his history and characteristics do not reasonably relate to the sex-offense special conditions. At sentencing, the district court explained that Culver's participation in the special conditions was warranted, in part, because of his 2008 conviction for attempted endangerment of a child for offering to pay a sixteen year old to photograph her naked. Culver tries to minimize this conviction, citing cases suggesting that stale convictions or isolated instances of abuse may not, without more, support special conditions. Appellant's Br. 9–10 (citing *Carter*, 463 F.3d at 528 (17-year-old sex-offense conviction did not support special condition in felon-in-possession case); *United States v. Kent*, 209 F.3d 1073, 1074, 1077 (8th Cir. 2000) (13-year-old domestic-abuse allegations did not support special condition in mail-fraud case)).

These cases, however, cannot take Culver far. Culver overlooks that, in both of the above cases, the offense was *wholly* unrelated to sexual or abusive conduct. But here, Culver's current offense relates to allegations that he sexually abused his children. Because the current offense has a clear nexus with the conduct underlying the 2008 conviction, that conviction remains relevant and can be paired with the new allegations. *Cf. United States v. T.M.*, 330 F.3d 1235, 1240–41 (9th Cir. 2003) (explaining that "recent relevant events may revive old offenses and justify the imposition of supervised release conditions related to sex offender status"). Thus, the sex-offense conditions are reasonably related to Culver's history and characteristics.

III.

Culver also argues that the imposition of the statutory maximum sentence (120 months) was substantively unreasonable given his "traumatic history and characteristics." Appellant's Br. 12. But Culver faces an uphill battle for two reasons: (1) the statutory maximum was already a significant reduction from what his Guidelines range would otherwise be, and (2) we give considerable deference to a district court's decision about the appropriate sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Because the district court reasonably weighed the relevant sentencing factors, we find no abuse of discretion.

Start with the Sentencing Guidelines. Based on the offense level and Culver's criminal history, the district court calculated the Guidelines range as 292 to 365 months' imprisonment. But the statute under which Culver pled guilty cabined the sentence to 120 months (10 years) maximum. *See* 18 U.S.C. § 1958(a). Bound by this upper limit, the district court found that the Guidelines maximum term was 120 months—less than half of what it would otherwise be.

Next, the court marched through the § 3553(a) sentencing factors. First, the court considered Culver's history and characteristics. It discussed Culver's difficult childhood: sexually abused by a family friend when he was just 10 years old and mentally and physically abused by his mother throughout his childhood. The court also considered Culver's childhood head trauma, his IQ of 85, and a slew of mental-health diagnoses including schizoaffective disorder, bipolar disorder, and post-traumatic stress syndrome. The court acknowledged that it had to consider and weigh these characteristics.

But Culver's history and characteristics are only one side of the coin. Under § 3553(a)(1), the court also had to consider "the nature and circumstances of the offense." And here, the details were decisive. The court noted that Culver's crime was among the most serious offenses. Culver

did not just target anyone—he targeted a social worker because of her role in the justice system, which is to protect children. Not only was the crime serious, but it was also premeditated. As the court explained, it took "a little persistence" on Culver's part. R. 36, Pg. ID 272. He had to locate a hitman, negotiate the price and terms of the arrangement, and eventually even meet in person. The calculated nature of the crime, the court concluded, could not be explained away by Culver's difficult childhood and mental-health problems, however significant.

Despite this extensive analysis, Culver argues that the district court assigned "unreasonably low weight" to his "traumatic history and characteristics." Appellant's Br. 12. But as the above discussion makes clear, the district court carefully weighed Culver's history and characteristics against the nature and circumstances of the offense. In doing so, the court determined that the statutory maximum sentence—which was significantly lower than the Guidelines—would best achieve the purposes of sentencing set forth in § 3553(a). The district court's analysis was well-considered and reasonable.[1]

We affirm.

---

[1] Culver suggests in a single sentence of his brief that the district court failed to discuss "acceptance of responsibility," thus unreasonably weighing the § 3553(a) factors. Appellant's Br. 12. But at sentencing, the district court subtracted three levels for acceptance of responsibility—the exact amount Culver requested. In any event, we agree with the government that Culver's "skeletal" argument does not warrant further discussion. *See* Appellee's Br. 20 (citing *United States v. Robinson*, 390 F.3d 853, 886 (6th Cir. 2004)).