NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0618n.06

No. 12-5843

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Jun 28, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **ON APPEAL** FROM THE |
| **Plaintiff-Appellee,** | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | | DISTRICT OF TENNESSEE |
| | | |
| ALPHONZO WRIGHT, | | **O P I N I O N** |
| | | |
| **Defendant-Appellant.** | | |

BEFORE:  NORRIS, COOK and McKEAGUE, Circuit Judges.

**ALAN E. NORRIS, Circuit Judge.**  Defendant Alphonzo Wright pleaded guilty to one count of transporting child pornography in interstate commerce in violation of 18 U.S.C. § 2252(a)(1), and to one count of possession of a computer containing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B).  He received a sentence of 144 months of incarceration, which he does not challenge on appeal.  However, he contends that the district court abused its discretion when it imposed these conditions as part of his ten-year term of supervised release: 1) being forbidden to reside with any child under the age of 18;  2) submitting to periodic urinalysis tests as directed by his probation officer;  3) being barred from using a computer that has internet access without the prior approval of his probation officer; and 4) having to abide by a curfew as set by his probation officer.

**I.**

In March of 2011, the Bradley County, Tennessee Sheriff's Department began an online investigation as part of an initiative to undercover those consuming or trafficking in child pornography. The investigation led officers to defendant and his computer, which contained a sizable number of illegal images. Defendant pleaded guilty to two counts of a three-count indictment, and also agreed to a forfeiture provision. At the time of the arrest, defendant was 45 years-old, unmarried, employed, and without any prior convictions.

**II.**

When defense counsel lodges a timely objection to a term of supervised release, we review the district court's decision with respect to that term for an abuse of discretion. *United States v. Carter*, 463 F.3d 526, 528 (6th Cir. 2006). Finding such an abuse requires us to have a definite conviction that the district court "committed a clear error of judgment." *Id.* (quoting *United States ex rel. A+ Homecare, Inc. v. Medshares Mgmt. Group, Inc.*, 400 F.3d 428, 450 (6th Cir. 2005)). However, when defense counsel fails to raise an objection, our review is for plain error. *United States v. Butler*, 297 F.3d 505, 517 (6th Cir. 2002). Plain error requires a showing that there was error, that was plain, and that it affected the substantial rights of the accused. *Id.*.

We now turn to each of the four conditions of his supervised release challenged by defendant.

1. Residence with a Minor

> The order of supervised release contains this condition:
> The defendant shall not directly or indirectly have any contact with any child under age 18; shall not reside with any child under the age of 18; and shall not loiter near school yards, playgrounds, swimming pools, arcades or other places frequented by children.

At sentencing defense counsel lodged this objection: "we would object to that [provision] because . . . there's a chance that it would prohibit him from actually residing with someone in a family environment should he decide to marry and have children within that period of supervised release, then he may not be able to live with his own child."

The district court responded that the condition does not preclude him from marrying or living with his child: "[the condition] is not designed to preclude him from marrying and having children of his own with whom he would reside provided that everything is subject to the supervision of the probation officer." However, the judgment itself does not explicitly reflect that exception to the condition.

First, we must determine whether this condition is ripe for review. In *United States v. Lee*, 502 F.3d 447, 450 (6th Cir. 2007), we held that a special condition is not ripe for review when there is a likelihood that it may not be imposed. The government contends that defendant's age, the fact that he has a lengthy sentence ahead of him, and that he has never married, or fathered children, means that the challenged condition may never take effect. Furthermore, if it does, then defendant may request that the district court modify this condition pursuant to 18 U.S.C. § 3583(e). While we agree that this argument has some force, another decision of this court, which is factually closer to the instant case, suggests that defendant's condition is ripe for appeal. *United States v. Zobel*, 696 F.3d 558, 573 (6th Cir. 2012) (conditions of supervised release may be ripe for review at imposition of sentence unless the challenged condition is "potential, rather than mandatory") (citing *Lee*). In *Zobel*, as in this case, the defendant challenged a condition that barred him from having contact with

any person under the age of 18 unless the minor's parent is present or has been notified of his sex

offense, arguing that "this condition would restrict his ability to have contact with his *own* children,

should he one day become a father." *Id.* at 574. In holding that the issue was ripe for review, we

distinguished *Lee* and reasoned: "Zobel's conditions do not include anything akin to the potential

use of a penile plethysmograph [the condition challenged by Lee], and indeed are not *potential* at all.

Rather they are mandatory." *Id.* at 573. *Zobel* is indistinguishable from the instant case and we

therefore hold that defendant's challenge is ripe for review.

Turning to the merits, we are aided by a Third Circuit decision. *United States v. Loy*, 237

F.3d 251 (3d Cir. 2001). Once again, the trial court imposed as a condition of supervised release that

defendant was prohibited from having unsupervised contact with minors. Although he had no

children, defendant argued that the condition "might deter him from exercising his constitutional

right to procreation." *Id.* at 269. The Third Circuit resolved the matter in this manner:

> There is certainly a legitimate question as to whether the record would support a
> finding that Loy represents a threat to an infant child of his own. But it is unnecessary
> to decide this question, because we believe it unlikely that the District Court intended
> its condition to extend so far. Given the severe intrusion on Loy's family life that
> would otherwise result, we believe that, absent a clearer sign from the District Court,
> the condition should be construed to apply only to other people's children, and not
> to Loy's own. If, at some later date, the District Court should come to believe that it
> is necessary for the protection of the public or for Loy's rehabilitation to extend the
> condition to Loy's own children, it may consider modifications to the condition in
> accordance with 18 U.S.C. § 3583(e); the constitutionality of the restriction can
> likewise be reviewed at that time.

*Loy*, 237 F.3d at 270. This logic is even more compelling in the instant case. As mentioned earlier,

the district court explicitly stated at sentencing that the challenged condition "is not designed to

preclude him from marrying and having children of his own with whom he would reside."

Accordingly, we adopt the reasoning of *Loy* and hold that the condition prohibiting contact with persons under 18 years old does not extend to defendant's future children.

2.  Drug Testing

Although defendant had no history of substance abuse, the judgment includes the following standard condition: "defendant . . . shall submit to periodic urinalysis test[s] as directed by the probation officer to determine the use of any controlled substance." This is a standard condition found in orders of supervised release. At the sentencing hearing, the following exchange occurred between the court and defense counsel:

> Court: The defendant shall cooperate or shall participate in drug testing and treatment, and I really don't have a drug – can I take that one out, is that okay, Mr. Paylor [defense counsel]?
>
> Counsel: Yes.
>
> Court: I'm going to take that out. Sometimes the timeframe makes us worry about that. I do think that the defendant shall participate in mental health treatment as directed by the probation officer.

Defendant focuses on this colloquy in support of his position that the court did not intend for the periodic drug-testing condition to be included in the order of supervised release.

Defendant concedes that he is statutorily required to submit to a certain amount of drug testing: "defendant [shall] refrain from any unlawful use of a controlled substance and submit to a drug test within 15 days of release on supervised release and at least 2 periodic drug tests thereafter (as determined by the court) for use of a controlled substance." 18 U.S.C. § 3583(d). In his view, however, the other provision respecting drug testing—that he submit to unlimited testing at the

direction of his probation officer—sweeps too broadly and does not reflect the intent of the district court which indicated that it would "take that out."

There are three provisions related to drug testing that often appear in a typical order of supervised release: the mandatory provision provided by statute; the standard condition of random testing challenged by defendant; and an order instructing the defendant to participate in a drug treatment program. Participation in a drug treatment program, which is contemplated by the sentencing guidelines, is appropriate when defendant "is an abuser of narcotics, other controlled substances or alcohol." U.S.S.G. § 5D1.3(d)(4). That special condition was omitted by the district court in the instant case and, as we read the record, it was this provision that the court was referring to when it asked defense counsel if it could "take that one out." The provision to which defendant objects falls under the portion of the supervised release order that is labeled "Standard Conditions of Release." In our view, that condition is not overly restrictive and is consistent with the guidelines. Moreover, after defendant has served his twelve-year sentence, he may move the court for a modification of the condition. 18 U.S.C. § 3583(e).

C. Internet Access

The district court also imposed this special condition:

> The defendant shall not possess or use a computer with access to any "on-line service" or other form of wireless communication at any location (including employment) without the prior approval of the Probation Officer. This includes any Internet Service Provider, bulletin board system or any other private network or email system.

Defendant objected and the district court noted that it was not prohibiting access to computers, but simply requiring that defendant obtain approval from his probation officer:

> All they had to do was get the approval [of the probation officer] . . . . We approve all the time individuals who are working and they have to have access to a computer, that's not an issue, but we're going to have to on occasion make sure that the computer is not being used inappropriately. I think that takes care of it, doesn't it, without the prior approval of the probation officer.

> . . . .

> I think it is a good idea to have people [with] internet access, I don't have any problem with that. . . . We don't want [defendant] to not be able to get a job. We understand the technology is going to change.

> Anything else? That was a good point, but I think that is covered by the prior approval of the officer.

As defendant recognizes, this is a common special condition with respect to individuals convicted of child pornography crimes. While there is no question that some restrictions can be imposed—defendant concedes that his ban from using bulletin boards is legitimate—courts have struggled with the scope of such restrictions. Because special conditions must be reasonably related to the sentencing factors contained in 18 U.S.C. § 3553(a), they are problematic. For instance, among the factors is the need for "vocational training" and, as the court recognized, computers in the work setting are ubiquitous. This court has acknowledged that "there appears to be a consensus that internet bans are unreasonably broad for defendants who possess or distribute child pornography, but not those who use the internet to 'initiate or facilitate the victimization of children.'" *United States v. Lantz*, 443 F. App'x 135, 144 (6th Cir. 2011) (quoting *United States v. Love*, 593 F.3d 1, 12 (D.C. Cir. 2010)) . Here, defendant contends that there was no evidence that he was anything but a consumer of child pornography and he thus urges us to remand to allow the district court to fashion a less restrictive order, as the First Circuit did in *United States v. Perazza-Mercado*, 553 F.3d 65, 73-

74 (1st Cir. 2009) (referring to evolving technologies that allow for more nuanced computer restrictions).

We recognize that this represents a close issue. For instance, the Third Circuit has struck down a complete ban on the use of computers with internet access that included use for employment or education. *United States v. Voelker*, 489 F.3d 139, 149-50 (3d Cir. 2007). However, the court recognized that some restrictions are permissible as long as they are appropriately tailored. In the instant case, the ban is not absolute; defendant may use the internet as long as he obtains the permission of his probation officer. This distinction, in our view, renders the condition reasonable and consistent with the sentencing objectives of 18 U.S.C. § 3553 and 18 U.S.C. § 3583(d). Moreover, defendant may move for a modification of this condition upon his release.

4. Curfew

The final special condition objected to reads as follow: "The defendant shall abide by an evening curfew as set by the Probation Officer." Defense counsel did not object to this condition and our review is therefore for plain error. We detect none. The district court acted within its discretion when imposing a curfew. And, as with the other challenged conditions, defendant may seek a modification of its terms upon release.

**III.**

The judgment is **affirmed**.