**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0891n.06

No. 12-6544

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Oct 15, 2013
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| CASIMITRO CABRERA-JIMENEZ, | ) | EASTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

Before: BOGGS and SUTTON, Circuit Judges, and CLELAND, District Judge.[*]

SUTTON, Circuit Judge: The district court sentenced Casimitro Cabrera-Jimenez to 41 months in prison and three years of supervised release for illegally reentering this country after being deported. Because Cabrera-Jimenez's criminal history included several statutory-rape convictions, the district court imposed sex-offender special conditions in the terms of his supervised release. Cabrera-Jimenez considers his prison sentence unreasonable and his supervised-release conditions plainly erroneous. We disagree and affirm.

I.

In 1996, Cabrera-Jimenez pled guilty to three counts of statutory rape, one count involving a 13 year-old and two counts involving 14 year-olds. This conviction came on the heels of a 1995

---

[*] The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

guilty plea for contributing to the delinquency of a minor. For the statutory-rape convictions, Cabrera-Jimenez served three years in Tennessee prison before his release to federal officials and deportation to Mexico in September 1999.

Cabrera-Jimenez next crossed paths with the domestic courts in May 2012, when he was arrested in Bedford County, Tennessee, and charged with public intoxication. This minor offense became a more significant one when law enforcement officers identified him as a previously deported illegal alien. On August 21, 2012, Cabrera-Jimenez pled guilty to illegal reentry in violation of 8 U.S.C. § 1326. The sentencing guidelines recommended a prison sentence between 41 and 51 months and a supervised release term between one and three years. *See* 18 U.S.C. § 3583(b)(2). Based on Cabrera-Jimenez's statutory-rape convictions, the pre-sentence investigation report recommended that the court impose a series of special conditions of supervised release for sex offenders "in order to appropriately monitor the defendant once he is released back into the community, and to help prevent and deter the defendant from committing further crimes against children." PSR at 8. Neither the government nor Cabrera-Jimenez objected to the pre-sentence report at the sentencing hearing.

Cabrera-Jimenez argued for a below-guidelines sentence based on the disparity between the recommended sentence and the sentences typically imposed in jurisdictions with fast-track deportation programs (whereby prosecutors agree to a downward departure from the guidelines sentence in certain illegal-reentry cases in exchange for a guilty plea), but the district court sentenced Cabrera-Jimenez to a within-guidelines sentence of 41 months in prison and three years

of supervised release. The district court also ordered that Cabrera-Jimenez comply with eight of the twelve recommended special conditions for sex offenders during his supervised-release period. While Cabrera-Jimenez objected to the imposition of a supervised-release period in general, he did not object to the sex-offender conditions specifically.

II.

On appeal, Cabrera-Jimenez challenges the 41-month sentence, which we review for procedural and substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). To begin, the district court "committed no significant procedural error," because it properly calculated the guidelines range, it did not treat the guidelines as mandatory, it considered the 18 U.S.C. § 3553(a) factors, it did not rely on "erroneous facts" when selecting its sentence, and it adequately explained its rationale for the 41-month sentence. *Id.* Indeed, both parties agreed with the pre-sentence report's calculation of the advisory guidelines range, the court repeatedly recognized its discretion in sentencing Cabrera-Jimenez, and the court explicitly noted that it had considered the "factors listed in Title 18, United States Code, Section 3553(a)." R. 31 at 17–18. In short, the court "explain[ed] its reasoning to a sufficient degree to allow for meaningful appellate review" of the reasonableness of its conclusions. *United States v. Brown*, 501 F.3d 722, 724 (6th Cir. 2007). The court need do no more.

Cabrera-Jimenez argues that the district court did not adequately consider possible sentencing disparities when imposing the 41-month term of imprisonment, because the court rejected his request for a downward variance based on the gap between guidelines sentences and the

sentences typically imposed in fast-track jurisdictions. *See* 18 U.S.C. § 3553(a)(6). The record does not support this argument. After *Kimbrough v. United States*, 552 U.S. 85 (2007), sentencing courts may consider disparities created by the absence of a fast-track policy in a given district. *See United States v. Camacho-Arellano*, 614 F.3d 244, 248–50 (6th Cir. 2010). That a court *may* consider such disparities, however, in no way *entitles* Cabrera-Jimenez to a lower sentence. *See United States v. Mason*, 410 F. App'x 881, 886 (6th Cir. 2010). Here, the district court heard Cabrera-Jimenez's arguments for a downward variance based on fast-track disparities and rejected those arguments on the merits, finding that Cabrera-Jimenez's history of statutory rape meant he "should not be part of that so-called fast track relief." R. 31 at 12–13. Viewed through the abuse-of-discretion lens (or any other lens for that matter), this does not constitute procedural error.

Cabrera-Jimenez also argues the district court abused its discretion when it relied on the government's "clearly erroneous" assertion that he would not qualify for fast-track consideration due to his previous statutory-rape convictions. But the premise of this argument rests on two clearly erroneous assertions of its own. First, it is not obvious that the government got the facts wrong in this case. At the sentencing hearing, the government simply noted that Cabrera-Jimenez's statutory-rape convictions "would not make him eligible under *our* [proposed] policy for fast track opportunity." R. 31 at 9 (emphasis added). The Eastern District of Tennessee's fast-track policy has not yet been published, *see* App. Reply Br. at 2 n.1, so how can Cabrera-Jimenez (or more importantly this court) find this statement concerning a hypothetical policy "clearly erroneous"? Second, the district court did not rely on this statement one way or the other. The sentencing court

did not say that Cabrera-Jimenez *would* not be eligible for the fast-track program and therefore *could* not enjoy the benefit of a downward variance. The court said that he "*should* not be a part of that so-called fast track relief" because of his prior history. R. 31 at 13 (emphasis added). Far from relying on the government's assertions, this case seems to involve a district court properly exercising its sentencing discretion.

*United States v. Sanchez-Rosas*, __ F. App'x __, 2013 WL 2420333 (6th Cir. June 4, 2013), is not to the contrary. In that case, government prosecutors argued that Sanchez-Rosas' drug-trafficking history would make him ineligible for relief "*in any . . . district*" with a fast-track program, *id.* at *3, and "[t]he district court relied on the government's position" in denying him a downward variance, *id.* at *4. This argument was objectively wrong—the government conceded in its appellate briefs that some districts would not disqualify defendants like Sanchez-Rosas. *Id.* at *3. On appeal, a Sixth Circuit panel called the district court's reliance on this "clearly erroneous" fact an abuse of discretion. *Id.* at *4. But this case involves nothing of the sort. As far as we can tell, the government's assertions were not false—persons convicted of statutory rape will not be eligible for fast-track relief in the Eastern District of Tennessee. And the district court did not rely on this statement anyway, noting instead that there were good reasons why someone with Cabrera-Jimenez's history ought not get the benefit of a downward variance. *Sanchez-Rosas* therefore says nothing about the procedural reasonableness of Cabrera-Jimenez's sentence.

The 41-month sentence is also substantively reasonable. In this circuit, within-guidelines sentences are entitled to a presumption of reasonableness, *see Rita v. United States*, 551 U.S. 338,

347 (2007), and Cabrera-Jimenez has not made any arguments sufficient to rebut the presumption. The district court sentenced Cabrera-Jimenez to 41 months in prison—the bottom of the guidelines range. He only argues in response that a fast-track court might have given him an even shorter sentence. This argument fell short of the mark under the procedural element of the reasonableness test, and it falls short here. "The mere fact that [Cabrera-Jimenez] desired a more lenient sentence, without more, is insufficient to justify our disturbing the reasoned judgment of the district court." *United States v. Trejo-Martinez*, 481 F.3d 409, 413 (6th Cir. 2007). Cabrera-Jimenez's within-guidelines sentence was not unreasonably long.

Cabrera-Jimenez also challenges the imposition of sex-offender conditions in the terms of his three-year supervised release. But this is a new argument—Cabrera-Jimenez did not object to the special conditions at his sentencing hearing—so we review the district court's decision only for plain error. *United States v. Vonner*, 516 F.3d 382, 385–86 (6th Cir. 2008) (en banc). In this case, the district court committed no error, plain or otherwise.

First, the district court did its procedural duty, stating in open court its rationale for imposing sex-offender special conditions to Cabrera-Jimenez's supervised release. *United States v. Brogdon*, 503 F.3d 555, 563 (6th Cir. 2007). According to the court, these conditions were necessary "because of [Cabrera-Jimenez's] prior criminal history as a sex offender," R. 31 at 20, and the record reflects a lengthy discussion at the sentencing hearing about the significance of this criminal history. Given the record in this case, the court's explanation is sufficient.

Second, the special conditions pass substantive muster, because they are reasonably related to the history and characteristics of Cabrera-Jimenez, including the need to deter him and protect the public. *See* 18 U.S.C. § 3583(d)(1). Moreover, the conditions involve "no greater deprivation of liberty than is reasonably necessary for" the district court's sentencing purposes, *id.* § 3583(d)(2), and are consistent with Sentencing Commission policy statements, *id.* § 3583(d)(3). Again, the record in this case is clear. Not only does Cabrera-Jimenez have a history of sex offenses involving 13 and 14 year-olds, he also has a history of illegally reentering the country after deportation, making him a continuing public threat. And the district court did not simply rubberstamp the sex-offender conditions recommended in Cabrera-Jimenez's pre-sentence report. Instead, the court selected eight of the twelve recommended conditions, eliminating the conditions unrelated to Cabrera-Jimenez's sexual misconduct (e.g., condition 11, which would have prevented Cabrera-Jimenez from possessing any "electronic device with access to the Internet," PSR at 9), and keeping those conditions applicable to a convict with a track record of sexual offenses involving minors (e.g., condition 3, which prevents Cabrera-Jimenez from "associat[ing] . . . with children under 18 years of age" without the approval of his probation officer, PSR at 8). This is an appropriately limited deprivation of liberty that readily survives plain-error review.

But what of Cabrera-Jimenez's counter-argument that the sex-offender conditions in this case are *not* reasonably related to his prior history because his statutory-rape convictions are 16 years old? He has a point: Prior convictions can be too remote in time from current proceedings to have any reasonable bearing on the terms of an offender's supervised release. *See, e.g.*, *United States v. Carter*, 463 F.3d 526, 532 (6th Cir. 2006). But this circuit has never adopted a per se rule marking

the temporal bounds of a sentencing court's inquiry, *see id.*, and several cases have upheld special conditions justified by similarly remote sexual offenses, *see, e.g.*, *Brogdon*, 503 F.3d at 563–65. This mixed precedent counsels against a plain-error finding. Moreover, Cabrera-Jimenez's case does not involve a *single* sex offense, but *four* separate incidents: three statutory-rape convictions in 1996 and one conviction for contributing to the delinquency of a minor in 1995. Whatever we think about the remoteness of this prior history, surely imposing special conditions on a serial sex offender does not amount to plain error. *See id.* at 565–66.

Cabrera-Jimenez's remaining arguments fare no better. In Cabrera-Jimenez's estimation, the condition that prevents him from "associat[ing] . . . with children under 18 years of age," PSR at 8, is hopelessly vague, and banning Cabrera-Jimenez from "any business that caters to . . . child customers," *id.*, sweeps too broadly. Not so. To start, this court has upheld similar special conditions against overbreadth and vagueness challenges. *See, e.g.*, *United States v. Zobel*, 696 F.3d 558, 574–75 (6th Cir. 2012) (upholding "no contact with minors" condition and condition that "prohibited . . . loitering where minors congregate"). And these similar conditions survived even though they amounted to *lifetime* burdens on the offender's liberty. *Id.* at 564. Cabrera-Jimenez's three-year burden looks light by comparison, and other courts have held that limited-duration restrictions withstand appellate review even where lifetime restrictions might not. *See United States v. Maurer*, 639 F.3d 72, 86 (3d Cir. 2011); *see also United States v. Brandenburg*, 157 F. App'x 875, 880 (6th Cir. 2005). We find no error, much less plain error.

III.

No. 12-6544
*United States v. Cabrera-Jimenez*

For these reasons, we affirm.