**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0215n.06

No. 13-5282

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Mar 20, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| RICHARD KELLY, | ) | |
| | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |
| | ) | |

**Before:** BATCHELDER, Chief Judge; McKEAGUE, Circuit Judge; OLIVER, District Judge.[*]

**OLIVER, District Judge.** Defendant-Appellant Richard E. Kelly ("Kelly") appeals the order of the district court sentencing him to forty-one months in prison and fifteen years of supervised release for violating the Adam Walsh Sex Offender Registration and Notification Act ("SORNA"). Kelly filed a timely appeal, challenging the procedural and substantive reasonableness of his sentence. For the following reasons, we **AFFIRM** the sentence imposed by the district court.

---

[*]The Honorable Solomon Oliver, Jr., Chief United States District Judge for the Northern District of Ohio, sitting by designation.

## I. BACKGROUND AND PROCEDURAL HISTORY

Kelly pled guilty to one count of sexual assault on April 18, 1990, in Flagstaff, Arizona. He was sentenced to fourteen years in prison, and was released in August of 2003. On December 22, 2010, Kelly reported to the New Orleans, Louisiana Police Department ("NOPD") and registered as a sex offender. On June 8, 2011, Kelly informed the NOPD that he planned to move to Memphis, Tennessee. When the NOPD contacted the Memphis Police Department to follow up on Kelly, the NOPD was informed that Kelly did not register with Tennessee authorities. Kelly was subsequently arrested by the Cocke County, Tennessee Sheriff's Department on August 30, 2011.

Kelly was indicted on October 12, 2011, in the Eastern District of Tennessee for failing to register as a sex offender pursuant to SORNA. Kelly proceeded to trial before a jury and was found guilty on May 24, 2012. For purposes of sentencing, Kelly's base offense level was calculated to be 16 by the United States Probation Office ("USPO"). The USPO recommended that the district court find Kelly's adjusted offense level to be 18, adding a two-point enhancement for obstruction of justice. The district court sustained Kelly's objection to this enhancement, leaving his total offense level at 16. Kelly requested a two-point reduction in his total offense level for acceptance of responsibility. The district court denied this request, citing the fact that Kelly factually contested his guilt at trial.

The USPO assessed Kelly six criminal history points, placing him in criminal history category III. Those points were assessed as follows: three points for a 1989 Arizona sexual assault conviction; two points for a 2009 Arizona failure to register as a sex offender conviction; and one point for 2010 Arkansas convictions for possession of a controlled substance with intent to distribute and possession of drug paraphernalia with intent to use. Upon motion of the

Government, the district court determined that criminal history category III underrepresented Kelly's actual criminal history, and enhanced his criminal history to category IV. The district court noted that, under the United States Sentencing Guidelines (the "Guidelines"), Kelly was assessed no criminal history points for convictions of attempted rape, grand larceny, assault and battery with intent to kill, and sexual assault because of the time that had elapsed since those convictions, which occurred between 1974 and 1982.

During the district court's consideration of whether an upward departure was warranted, Kelly emphasized the findings of a 2010 psychological evaluation, which concluded that his risk of recidivism was low. The district court discounted this evaluation, noting that the psychologist reached his conclusion based partly on Kelly's lack of convictions from 2005 until his 2009 arrest for failure to register. During this four-year period of time, Kelly evaded his sex offender registration requirements after absconding from the custody of the Arizona State Hospital in January of 2005, where he was committed by the state for sex offender treatment. The district court questioned how the psychologist could reach his conclusion based on the facts cited, and questioned the psychologist's "objectivity" and "reliability." (Sentencing Tr. at 34, Feb. 20, 2013, Dist. Ct. Dkt., ECF No. 82.) Additionally, the district court stated that when making a decision as to whether or not it should grant an upward departure in Kelly's criminal history category, the district court only had to find that either Kelly's criminal history was underrepresented or Kelly's likelihood of recidivism was underrepresented, but was not required to find both.

For a total offense level 16 and criminal history category IV, the Guidelines range is a term of thirty-three to forty-one months' imprisonment, and a term of supervised release of five years to life. The district court sentenced Kelly to forty-one months in prison and fifteen years of

supervised release. Kelly now challenges the procedural and substantive reasonableness of the sentence imposed by the district court.

## II. STANDARD OF REVIEW

This court reviews a district court's sentencing decision for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 46 (2007); *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007); *United States v. Jeter*, 721 F.3d 746, 756-57 (6th Cir. 2013).

## III. LAW AND ANALYSIS

On appellate review, this court must determine if the district court's sentence is both procedurally and substantively reasonable. *Gall*, 552 U.S. at 51. A sentence is procedurally unreasonable if the district court made a significant procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence–including an explanation for any deviation from the Guidelines range." *Id.* A sentence is substantively unreasonable if, based on the totality of the circumstances, "the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Reilly*, 662 F.3d 754, 757 (6th Cir. 2011) (internal quotation mark omitted) (quoting *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008)).

### A. Procedural Reasonableness

When evaluating a district court's sentencing decision for procedural reasonableness, we must first ensure that the district court correctly determined the applicable Guidelines range. *Bolds*, 511 F.3d at 579. Next, the court should determine whether the district court allowed

"'both parties the opportunity to argue for whatever sentence they deem appropriate' and then considered all of the § 3553(a) factors to determine whether they support the sentence requested by [each] party." *Id.* at 579-80 (alteration in original) (quoting *Gall*, 522 U.S. at 49). Finally, the court must ensure that the district court "adequately articulated its reasoning for imposing the particular sentence chosen, including any rejection of the parties' arguments for an outside-Guidelines sentence and any decision to deviate from the advisory Guidelines range." *Id.* at 581. While this court has stated that "[a] district court that considers a departure from the Guidelines range must decide whether any features of the case 'take it outside the Guidelines' 'heartland' and make it a special, or unusual, case,'" *United States v. O'Georgia*, 569 F.3d 281, 289 (6th Cir. 2009) (quoting *United States v. Erpenbeck*, 532 F.3d 423, 439-40 (6th Cir. 2008)), a court may not "'require 'extraordinary' circumstances to justify a sentence outside the Guidelines range.'" *Bolds*, 511 F.3d at 580-81 (quoting *Gall*, 522 U.S. at 47).

Kelly specifically argues that the district court abused its discretion in granting the Government's request for an upward departure in his criminal history category and by sentencing him at the top of the Guidelines range, resulting in a sentence that was greater than necessary to satisfy the purposes of sentencing. Section 4A1.3 of the Guidelines provides that "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history *or* the likelihood that the defendant will commit other crimes, an upward departure may be warranted." U.S.S.G. § 4A1.3 (emphasis added). *See also O'Georgia*, 569 F.3d at 296 ("[A] departure for the underrepresentation of a defendant's criminal history category is [sometimes] appropriate."). The district court appropriately considered the crimes for which Kelly was assessed no points in his criminal history category. These included: a 1974 attempted rape conviction, which the district court

acknowledged was an offense committed by Kelly as a juvenile; a 1975 grand larceny conviction; a 1977 assault and battery with intent to kill conviction; and a 1982 fourth degree sexual assault conviction. The district court found that these offenses, two of which were sexual offenses, were serious and violent in nature, with one offense resulting in serious physical injury to the victim. The district court also noted that without an upward departure, Kelly had the maximum number of points within criminal history category III.

The district court did not abuse its discretion in granting an upward departure in the criminal history category based on these offenses. Additionally, the Guidelines did not require the district court to consider Kelly's risk of recidivism when granting an upward departure. Its determination that the seriousness of his criminal history was underrepresented was sufficient. U.S.S.G. § 4A1.3. However, the district court did consider the 2010 psychological evaluation offered by Kelly to demonstrate that his risk of recidivism was low and adequately explained why it disagreed with those conclusions. Finally, while the court is not required to find extraordinary circumstances to grant an upward departure, *Bolds*, 511 F.3d at 580-81, the district court made clear that the serious nature of Kelly's offenses and his disregard for the law, as evidenced by his persistent attempts to evade registration requirements, made this a special case warranting a higher penalty. (*See* Sentencing Tr. at 31 ("[I]f there were ever a poster child for this, for this [failure to register] law, Mr. Kelly is it.").)

Furthermore, Kelly has not shown that the district court committed any procedural errors in imposing his sentence. The district court correctly determined Kelly's base offense level under the Guidelines, considered the applicable Guidelines range and treated the Guidelines as advisory. A review of the sentencing hearing transcript reveals that the district court fully considered all relevant factors, gave all parties ample time to discuss their positions on

sentencing, carefully considered Kelly's arguments for a more lenient sentence and sufficiently explained why it rejected the conclusions in the psychological evaluation. The district court considered Kelly's crime to be a serious offense, which was made more serious by the crimes he committed that triggered his duty to register as a sex offender and by the disregard for the law Kelly showed by failing to register as a sex offender in the past. Finally, the court considered Kelly's unwillingness to accept responsibility for his actions and the lack of remorse he exhibited. The district court adequately explained how it arrived at Kelly's sentence and articulated why these factors supported a sentence at the top of the Guidelines range. Therefore, this court finds Kelly's sentence to be procedurally reasonable and that the district court did not abuse its discretion.

## B. Substantive Reasonableness

Having determined that the district court's sentencing decision was procedurally reasonable, we will next consider if the sentence was substantively reasonable. In doing so, this court "must 'take into account the totality of the circumstances, including the extent of any variance from the Guidelines range.'" *Bolds*, 511 F.3d at 581 (quoting *Gall*, 552 U.S. at 51). A sentence will be found substantively unreasonable if the district court imposes "a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Shaw*, 707 F.3d 666, 674 (6th Cir. 2013). The court should "give 'due deference' to the district court's conclusion that the sentence imposed is warranted by the § 3553(a) factors." *Bolds*, 511 F.3d at 581.

A review of the sentencing hearing transcript demonstrates that the sentence imposed by the district court was substantively reasonable as well. Again, Kelly argues that his sentence was

unreasonable because he presented to the court a psychological evaluation with positive findings, his case was not exceptional or unusual so as to warrant an upward departure or sentence at the top of the Guidelines range, and his sentence was greater than necessary to comply with the purposes of sentencing. However, as discussed more fully above, the district court considered all relevant sentencing factors and did not give unreasonable weight to any factor. The district court fully considered Kelly's psychological evaluation and clearly articulated why it rejected the psychologist's conclusions regarding Kelly's risk of recidivism. Based on the facts in the record, the district court was concerned about Kelly's risk of recidivism, and found his criminal history to be marked by violence and an exceptional disregard for the law. The district court arrived at its decision thoughtfully and carefully, choosing a sentence that reflected the seriousness of the offense, the need for deterrence, and the need to protect the public, which was not greater than necessary to comply with the purposes of sentencing. We find no abuse of discretion.

## IV. CONCLUSION

For the foregoing reasons, we **AFFIRM** the sentence imposed by the district court.