NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0731n.06

Case No. 15-5222

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

Nov 03, 2015

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| RICHARD KELLY, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: SILER, COOK, and WHITE, Circuit Judges.

SILER, Circuit Judge. Defendant Richard Kelly appeals his sentence of eleven months' imprisonment and fifteen years' supervised release for a violation of a previously imposed term of supervised release. For the reasons stated below, we AFFIRM IN PART, VACATE IN PART, and REMAND for resentencing.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2011, Kelly was convicted for failing to register as a sex offender. *United States v. Kelly*, 560 F. App'x 501, 502–03 (6th Cir. 2014). Prior to sentencing, the district court calculated a Guidelines range of thirty-three to forty-one months of imprisonment. The district court also calculated a Guidelines range of five years to lifetime supervision after release; in doing so, the district court applied the 2011 version of USSG § 5D1.2, which provided special instructions for the imposition of supervised release for a "sex offense." The district court

sentenced Kelly to forty-one months of imprisonment and fifteen years of supervised release. The court also imposed, pursuant to Local Rule 83.10(b), special conditions of supervision in addition to the standard conditions.[1] Kelly appealed his sentence, which was subsequently affirmed as both procedurally and substantively reasonable. *Kelly*, 560 F. App'x at 505–06.

Kelly then filed a motion to reduce his sentence on the basis of the United States Sentencing Commission's proposal to amend the application notes of USSG § 5D1.2 to clarify that a failure to register was not a "sex offense" that triggered a Guidelines range of five years to lifetime supervised release. The motion was denied by the district court, which noted that the proposal did not affect the statutory range of supervised release terms for a failure to register. The court emphasized that it had already considered the § 3553(a) factors in Kelly's case and determined that a fifteen-year term of supervised release was necessary to protect the public.

In 2014, Kelly was released from prison and instructed to report to the probation office in Greeneville, Tennessee. He did not report and remained at large until he was arrested in New Orleans, Louisiana. While Kelly was at large, the probation office requested the revocation of Kelly's supervised release.

Due to his supervised release violation, Kelly faced a custodial Guidelines range of five to eleven months' imprisonment and a statutory maximum of two years' imprisonment. The application of the 2014 version of USSG § 5D1.2 yielded a five-year term of supervised release,[2] but under 18 U.S.C. § 3583(h), the district court was authorized to impose up to a lifetime term of supervision. *See* 18 U.S.C. § 3583(h). The district court determined that a sentence of eleven

---

[1] The district court later deleted one of those special conditions from the judgment in a separate order.

[2] See U.S. SENTENCING GUIDELINES MANUAL § 5D1.2 cmt. n.1 (stating that the term "sex offense" does not encompass a failure to register); 18 U.S.C. § 3583(k) (stating that the statutorily authorized term of supervised release for a failure to register offense cannot be less than five years).

months' imprisonment and fifteen years' supervised release was sufficient but not greater than necessary. As part of Kelly's sentence, the court declared that "all previous special conditions" imposed in conjunction with Kelly's previous, 2013 sentence "shall remain in full effect." With respect to the term of supervised release, the court stated:

> I'm going to impose a lengthy term of supervision because to do otherwise would simply result in a windfall to you with respect to the term of supervised release. I understand [Kelly's] argument, but the simple fact of the matter is that I imposed initially a 15 year term of supervised release. This case has been to the Sixth Circuit, the sentence has been affirmed by the Sixth Circuit, it makes no sense whatsoever to me to now impose upon a revocation of supervision a 5 year term of supervised release resulting in a significant windfall to you in that respect.

The district court also noted a clear "need to protect the public." Kelly did not raise any additional objections after his sentence was imposed.

## DISCUSSION

### I.        The Length of Kelly's Term of Supervised Release

Kelly argues that the district court abused its discretion and imposed a substantively unreasonable sentence when it considered this court's affirmation of the district court's previous sentence as a factor in its consideration of Kelly's new sentence. While Kelly acknowledges that the district court also cited the desire to avoid giving Kelly "a windfall" from the Sentencing Commission's clarification of the guideline range and the "need to protect the public," Kelly criticizes the former as an inappropriate characterization of the situation and claims that the latter is insufficient to justify the sentence given its lack of elaboration and emphasis by the district court.

"The court, in determining whether to include a term of supervised release, and . . . in determining the length of the term and the conditions of supervised release, shall consider the factors set forth in [18 U.S.C. §] 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6),

and (a)(7)." 18 U.S.C. § 3583(c). "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). A defendant may challenge the substantive reasonableness of his sentence on appeal even if he did not raise an objection during his sentencing. *United States v. Herrera-Zuniga*, 571 F.3d 568, 578 (6th Cir. 2009). Procedurally reasonable sentences within the calculated guidelines range are afforded a rebuttable presumption of substantive reasonableness on appeal, *Conatser*, 514 F.3d at 520, and all procedurally reasonable sentencing decisions receive the benefit of "due deference to the district court's conclusion that the sentence imposed is warranted by the [18 U.S.C.] § 3553(a) factors." *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007) (internal quotation marks omitted).

There is merit to Kelly's argument opposing any reliance by the district court on the affirmation of the previous sentence. A desire to maintain consistency with past sentencing decisions is not one of the § 3553(a) factors. A district court could reasonably conclude that the weight and application of the § 3553(a) factors has not materially changed since the previous sentencing, thereby justifying an identical sentence. But that conclusion would be conceptually distinct from a predetermined commitment to ensure that any subsequent sentence is at least as severe as its predecessor. The fact that the previous sentence was affirmed by this court does not give the district court a free pass to impose an identical sentence for a later violation without regard for the § 3553(a) factors. That is particularly true in this case, since the previous term of supervised release was within the calculated guidelines range (thereby triggering a presumption of reasonableness on appellate review) while this term is above the calculated guidelines range.

Therefore, one should not assume that because this court affirmed the previous sentence, it would automatically affirm this sentence.

Nevertheless, a review of the most recent revocation hearing transcript indicates that the district court considered the appropriate § 3553(a) factors in the course of determining its sentence. A significant portion of the transcript is devoted to a discussion of the nature and circumstances of the offense, in keeping with § 3553(a)(1). The court also repeatedly alluded to the characteristics of the defendant, specifically the defendant's attitude toward compliance. The court told Kelly that it was imposing the fifteen-year term of supervised release "in light of the fact that you simply absconded, completely absconded from supervision despite clear instructions from the probation officer to do otherwise"—a consideration which is relevant to both aspects of § 3553(a)(1). And as Kelly has noted, the district court alluded to the need to protect the public, in keeping with § 3553(a)(2)(C). Taken in context, the district court's comments about the previous sentence and the desire to avoid a "windfall" reflect a determination that a more lenient sentence in the wake of Kelly's willful act of defiance would not comport with the § 3553(a) factors. The record provides adequate evidence of the district court's consideration of the legitimate sentencing factors, and the context of the district court's comments about a "windfall" do not evince an intent to ignore or supplant the § 3553(a) factors. Therefore, the district court did not abuse its discretion by imposing a fifteen-year term of supervised release.

## II.     Kelly's Special Conditions of Supervised Release

Any special conditions of supervised release must be "reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D)." 18 U.S.C. § 3583(d)(1). They must also impose "no greater deprivation of liberty than is reasonably necessary for the

purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D)," and be "consistent with any pertinent policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583(d)(2), (d)(3).

Kelly challenges the special sex-offender conditions that were imposed by the district court pursuant to Local Rule 83.10(b)(1), (b)(3), (b)(4), (b)(7), (b)(9), and (b)(10). Those conditions require that:

> (1) The defendant shall participate in a program of sex offender mental health treatment at his/her own expense, as approved by the probation officer, until such time as he/she is released from the program by the probation officer. The defendant shall comply with the policies and procedures of the treatment program. The defendant shall waive all rights to confidentiality regarding sex offender mental health treatment in order to allow release of information to the United States Probation Officer, and to authorize open communication between the probation officer and the treatment providers.

> (3) The defendant shall not associate and/or be alone with children under 18 years of age, nor shall he/she be at any residence where children under the age of 18 are residing, without the prior written approval of the probation officer. In addition, the defendant shall not visit, frequent, or remain about any place where children under the age of 18 normally congregate (public parks, playgrounds, etc.) or any business that caters to and/or targets child customers.

> (4) The defendant shall not associate with anyone, under any circumstance, that he/she knows to be a sex offender, someone who engages in sexual activity with children under 18 years of age, or someone who condones and/or supports the sexual abuse/exploitation of children under 18 years of age (*i.e.*, NAMBLA, BOYCHAT, Boylover Message Board), except while participating in sex offender mental health treatment as approved by the probation officer.

> (7) The defendant shall submit to a psychosexual assessment at his/her own expense, as directed by the probation officer.

> (8) The defendant shall submit to polygraph testing at his/her own expense, as directed by the probation officer, in order to determine if he/she is in compliance

> with the conditions of supervision, or to facilitate sex offender treatment. The defendant shall be truthful during polygraph evaluations.

> (10) The defendant shall submit his/her person, residence, vehicle, or any area over which he/she exercises control to a search conducted by a United States Probation Officer, at a reasonable time and in a reasonable manner, without prior notice or search warrant, in order to determine if the defendant is in compliance with the conditions of supervision. The defendant shall warn anyone with whom he/she resides that the premises may be subject to searches pursuant to this condition.

U.S. Dist. Ct. Rules E.D. Tenn. LR 83.10. Kelly argues that these "special conditions of supervision are not reasonably related to [his] conviction for failing to register as a sex offender." Kelly does not challenge the procedural reasonableness of his special conditions, only their substantive reasonableness. He does not challenge the special condition regarding alcohol testing and treatment. His argument relies on the fact that he committed his last sex offense twenty-six years ago and *United States v. Carter*, 463 F.3d 526 (6th Cir. 2006), where we invalidated a special condition of sex-offender treatment that was imposed seventeen years after the relevant sex offenses.

Kelly does not argue that special conditions of release are *never* appropriate in a case that does not involve a sex offense. Instead, he argues that his particular criminal history, given the age of his relevant sex offenses, does not justify the imposition of the special conditions. The Government does not address the substance of this argument, except insofar as it cites the unpublished case of *United States v. Cabrera-Jimenez*, 545 F. App'x 385, 388–89 (6th Cir. 2013). In that case, this court upheld the imposition of special conditions on a defendant whose most recent sex convictions were sixteen years old. *See id.* at 389. *Cabrera-Jimenez* noted that *Carter* did not establish "a per se rule marking the temporal bounds" of a sex offense's relevancy for purposes of special conditions of release, *id.*, cited a published opinion where *Carter* had

been distinguished, *see id*. (citing *United States v. Brogdon*, 503 F.3d 555, 563–65 (6th Cir. 2007)), and emphasized the fact that the defendant had committed multiple sex offenses during his lifetime. *Id*. *Cabrera-Jimenez* concluded with a statement that "surely imposing special conditions on a serial sex offender does not amount to plain error." *Id*.

Taken at face value, the categorical statement in *Cabrera-Jimenez* is far too broad. While the presence of multiple sex offenses in a defendant's criminal history is undoubtedly a fact that can modify a sentencing court's view of how remote a particular conviction must be before it loses relevance, that fact does not give a sentencing court carte blanche to impose special conditions. It would almost certainly be an abuse of discretion to impose special sex offender conditions on a hypothetical seventy-year-old defendant in a tax fraud case because of two statutory rape convictions the defendant incurred when he was eighteen and his then-girlfriend was sixteen. Yet *Cabrera-Jimenez* would not leave any room for this court to vacate special sex-offender conditions in that scenario. Furthermore, both *Cabrera-Jimenez* and *Brogdon* have erroneously implied that the defendant in *Carter* had only committed one sex offense. *Compare Cabrera-Jimenez*, 545 F. App'x at 389 ("Cabrera-Jimenez's case does not involve a *single* sex offense"), *and Brogdon*, 503 F.3d at 565 ("this case does not merely involve a single sexual offense"), *with Carter*, 463 F.3d at 530–31 (noting that the defendant had at least two convictions for sex offenses).

Kelly committed sex offenses in 1974, 1982, and 1989. While he has other violations on several occasions since 1989, he has not committed any additional sex offenses. The twenty-six-year gap between his last sex offense and the present day exceeds the gaps in *Carter* (seventeen years since last sex offense), *Cabrera-Jimenez* (sixteen years since last sex conviction), and *Brogdon* (twelve years since last sex conviction) by a substantial margin. *See Carter*, 463 F.3d at

532; *Cabrera-Jimenez*, 545 F. App'x at 389; *Brogdon*, 503 F.3d at 565. Three of the challenged special conditions seek to prevent Kelly's interactions with children, *see* U.S. Dist. Ct. Rules E.D. Tenn. LR 83.10(b)(3), (b)(4), (b)(9), yet Kelly's only sex conviction involving a child occurred over forty years ago, when Kelly was eighteen years old. Three of the remaining conditions impose the burden of mental-health treatment, psychosexual assessments, and polygraph testing—all at Kelly's expense. Yet a 2010 psychological evaluation found that he was "NOT highly probable to reoffend," that he did not have "any . . . mental disorder that predisposes him to engage in acts of sexual violence," that he had benefited from past sex offender therapy, that his risk of recidivism had declined with age, and that his volitional control in recent years signaled a reduced risk of reoffending.

The last condition, 83.10(b)(10), gives probation officers wide latitude to search Kelly's person and possessions. This condition could conceivably be justified by Kelly's 2010 conviction for possession of drugs and drug paraphernalia. However, 83.10(b)(10) is framed explicitly as a condition related to sex offenses, *see* U.S. Dist. Ct. Rules E.D. Tenn. LR 83.10(b)(10), and nothing in Kelly's sexual criminal history suggests a special need to conduct warrantless searches of his person and possessions.[3] The only readily apparent risk posed by Kelly is the risk of absconding from supervision and failing to register as a sex offender in the appropriate jurisdiction. Neither 83.10(b)(1) nor any of the other six special sex-offender conditions do anything to address that risk. Given the age of Kelly's sex offenses, the lack of facts in the record to indicate that Kelly continues to present a risk as a sexual predator, and the

---

[3] Kelly has never been charged or convicted of a crime relating to child pornography. The standard conditions of supervised release in the Eastern District of Tennessee permit a probation officer to visit a defendant at any time and confiscate any contraband in plain sight. U.S. Dist. Ct. Rules E.D. Tenn. LR 83.10(a)(10).

fact that failing to register is no longer considered a sex offense, it was an abuse of discretion for the district court to impose the special sex-offender conditions of supervised release.

## CONCLUSION

We AFFIRM the length of Kelly's term of supervised release, VACATE the special sex-offender conditions of supervised release and REMAND for resentencing.

COOK, Circuit Judge, concurring in part and dissenting in part. I would affirm the conditions of supervised release requiring Kelly to complete sex-offender treatment and a psychosexual evaluation, *see* U.S. Dist. Ct. Rules E.D. Tenn. LR 83.10(b)(1), (b)(7), and therefore dissent from those portions of the majority opinion vacating the conditions. At Kelly's initial sentencing, the district court remarked that Kelly never completed a sex-offender treatment program. In fact, after serving a fourteen-year sentence for sexual assault, Kelly absconded from a court-ordered treatment program in 2005. The district court therefore found sex-offender treatment and a psychosexual evaluation "fully justified." Kelly ignored those conditions on supervised release, and the court reimposed them at the revocation hearing. District courts enjoy broad discretion to impose special conditions relating to a defendant's criminal history, *United States v. Shultz*, 733 F.3d 616, 619 (6th Cir. 2013), and Kelly's criminal history reveals an as-yet-unfulfilled need for treatment. The district court acted within its considerable discretion in requiring sex-offender treatment and a psychosexual evaluation.