**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0373n.06

No. 08-5399

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Jun 21, 2010**
LEONARD GREEN, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE EASTERN DISTRICT OF |
| LUIS ARECHIGA, | ) KENTUCKY |
| | ) |
| Defendant-Appellant. | ) |

Before: GIBBONS, and GRIFFIN, Circuit Judges; and DOWD, District Judge[*]

David D. Dowd, Jr., District Judge.

I. INTRODUCTION

The sole issue in this case relates to whether the district court abused its discretion in denying

the convicted defendant-appellant's motion for the issuance of a subpoena under the provisions of

Fed. R. Crim. P. 17(b) for the appearance of the alleged assault victim, William Davison.[1]   The

---

[*]The Honorable David D. Dowd, United States District Judge for the Northern District of Ohio, sitting by designation.

[1]Rule 17(b) states:

> (b) **Defendant Unable to Pay.**  Upon a defendant's ex parte application, the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense.  If the court orders a subpoena to be issued the process costs and witness fees will be paid in the same manner as those paid for witnesses the government subpoenas.

1

defendant-appellant and a co-defendant, William Eschief, were convicted in the same trial of assaulting Davison while the three, Arechiga, Eschief, and Davison were fellow inmates at the USP Big Sandy in Inez, Kentucky.

## II. FACTUAL BACKGROUND

Count 1 in the indictment filed on January 17, 2008 charged co-defendant William Eschief, and aided and abetted by Luis Arechiga, while in the jurisdiction of a United States Penitentiary, of assaulting inmate William Davison with a dangerous weapon, to-wit a sharpened piece of metal with intent to do bodily harm, in violation of 18 U.S.C. § 113(a)(3) and 18 U.S.C. § 2. Count 2 named co-defendant Eschief only, and Count 3 charged both Eschief and Arechiga with assaulting William Davison and resulting in serious bodily injury. Arechiga was convicted of both Counts 1 and 3.

The sole issue on appeal is the claim that the district court erred in refusing to issue a Fed. R. Crim. P. 17(b) subpoena for the attendance of Davison at the trial. Davison was incarcerated in California and labeled by the United States Marshal's office as a high-escape risk for movement back to Kentucky. The appellant claimed self defense as the basis of his attack on Davison, which was caught on camera after the fight spilled out of Davison's cell and onto the walkway. Davison was severely injured with 40 stab wounds.

The trial also included co-defendant Eschief. Both defendants claimed self defense, but only Eschief testified. The district court gave a self-defense instruction. Arechiga claims it was necessary to have the presence of Davison at trial to present his self-defense defense.

The record on appeal includes the transcript of a telephone conference conducted by Judge Bunning on January 7, 2008, several weeks before the trial and in response to the initial motion of Arechiga's counsel to have a subpoena issued for Davison, the alleged victim-inmate, pursuant to

2

the dictates of Fed. R. Crim. P. 17 (b). (*See* Docket 29 for court only for the transcript.) During the telephone conference, Judge Bunning was told by Arechiga's counsel that she had not spoken to Davison, who by that time was incarcerated in California. During the conference, counsel for the government read from a report of an interview of Davison before he was transferred to California and paraphrased as follows: "He didn't know why–why this happened. He didn't even know these two guys."

Judge Bunning denied the motion without prejudice to renew the same and directed Arechiga's counsel to conduct a telephone interview with Davison and for the Bureau of Prisons to make Davison available for the telephone interview.

Arechiga's counsel filed a renewed motion to compel the presence of Davison at trial and reported on her conversation as follows:

> "In accordance with the Court's order, counsel for defendant spoke with Mr. Davison by telephone on Wednesday, January 9, 2008. When counsel explained the reason for her call, Mr. Davison said he had nothing to say. When counsel questioned Mr. Davison as to whether that meant he would have nothing to say at trial or whether he simply didn't want to speak with her, Mr. Davison stated 'I have nothing to say. That's the end of the story, right?' At this point, counsel ended the conversation."

Counsel for Arechiga renewed her Rule 17(b) motion to obtain the appearance of Davison.

### III. THE DISTRICT COURT'S DENIAL OF THE RENEWED MOTION FOR DAVISON'S APPEARANCE

The district court denied the renewed motion of Archiga for the issuance of the Rule 17(b) subpoena for the appearance of Davison in a well-reasoned five-page opinion which emphasized Davison's declaration that "I have nothing to say" against the background of the Rule 17(b) requirement that the defendant demonstrate the "necessity of the witness's presence for an adequate defense" and the teachings of *United States v. Moore,* 917 F.2d 215, 230 (6th Cir 1990), and as

3

supplemented by the judicial mandate to consider the Sixth Amendment right to compulsory process and the Fifth Amendment right not to be subjected to disabilities by the criminal justice system because of financial status. In that context, the district court also referred to the teachings of *United States v. Barker,* 553 F.2d 1013 (6th Cir. 1977).[2]

The district court, after commenting on the wide discretion vested in trial courts as to whether to grant a Rule 17(b) motion for the issuance of a subpoena as indicated in *Moore, supra* opined:

> Defendant Arechiga's motion to compel the presence of Mr. Davison must be denied. Requiring the U.S. Marshal Service to transport a federal inmate witness from a federal prison in California to this Court for the mere purpose of him testifying that he "has nothing to say" about the alleged assault is not necessary for an adequate defense.... Subpoenaing a witnesses to enable him to testify when the crux of their testimony is as described by defense counsel herein is completely contrary to the Sixth Circuit's requirements in *Barker* and *Moore*. (Footnote omitted)

## IV. CONCLUSION

After reviewing the district court's well-reasoned analysis in the denial of the issuance of a subpoena for William Davison, and the teachings of *Moore* and *Barker*, we find no prejudicial error and AFFIRM the conviction and sentence.

---

[2]In *Barker,* bank robbery convictions were reversed and a new trial ordered where there was the finding that the government had failed to expend its best efforts to enforce a subpoena with respect to what was considered relevant testimony on behalf of the defendants.