**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0561n.06
No. 19-6291

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
|  | ) | Oct 02, 2020 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
|  | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
|  | ) | THE WESTERN DISTRICT OF |
| SAMUEL CULP, | ) | TENNESSEE |
|  | ) |  |
| Defendant-Appellant. | ) |  |
|  | ) |  |
|  | ) |  |

BEFORE: BATCHELDER, GRIFFIN, and MURPHY, Circuit Judges.

PER CURIAM. Samuel Culp appeals his judgment of conviction for robbery and firearm offenses, asserting that he was denied his constitutional right to compulsory process and that the district court abused its discretion in denying his motion for a mistrial. As set forth below, we **AFFIRM**.

On July 12, 2018, three armed men wearing masks robbed a Memphis pawn shop, Pawn Plus, taking numerous firearms as well as jewelry and cash. A federal grand jury subsequently returned a superseding indictment against Samuel Culp and Stacy Houston, charging Culp with robbing Pawn Plus, in violation of 18 U.S.C. §§ 2 and 1951 (Count 1); knowingly using, carrying, brandishing, and discharging a firearm during and in relation to the robbery of Pawn Plus, in violation of 18 U.S.C. §§ 2 and 924(c) (Count 2); unlawfully taking firearms from a licensed firearms dealer, in violation of 18 U.S.C. §§ 2 and 922(u) (Count 3); knowingly possessing stolen firearms, in violation of 18 U.S.C. § 922(j) (Counts 4 and 7); and being a felon in possession of

firearms, in violation of 18 U.S.C. § 922(g)(1) (Counts 5 and 6). The government later dismissed the felon-in-possession charges against Culp.

In preparation for trial, Culp moved for an order directing the Marshals Service to serve subpoenas compelling Nathan Draper, Patricia Draper, and James Nathan Bryant to appear for trial and provided subpoenas listing the same address for all three persons. The district court granted Culp's motion. Deputy United States Marshal Darrel Weldon filed proof of service indicating that he successfully served Nathan Draper and Patricia Draper but was unable to serve James Nathan Bryant. According to DUSM Weldon's handwritten notes, upon his arrival at the address listed on the subpoenas, a man sitting under the carport said that he was Nathan Draper and that Patricia Draper was his wife. The man also informed DUSM Weldon that James Nathan Bryant no longer lived at the residence.

On the first day of trial, Patricia Draper appeared as directed by the subpoena and told defense counsel that Nathan Draper had not been served and that "somebody would have to find him." Upon defense counsel's motion, the district court issued a material witness warrant for Nathan Draper. On the third day of trial, defense counsel advised the district court that he had learned that James Nathan Bryant was Patricia Draper's husband and was the man present when DUSM Weldon served the subpoenas. Patricia Draper testified that Nathan Draper was her brother and that she had last seen him about two months ago. Determining that Nathan Draper had never been served with a trial subpoena, the district court recalled the material witness warrant and continued the case overnight to allow the marshals to attempt service of the subpoena.

The marshals were unable to locate Nathan Draper. Defense counsel, conceding that a short continuance would not resolve the matter, moved for a mistrial on Counts 1 through 4 based on Culp's constitutional rights to compulsory process and due process. The district court took

Culp's motion under advisement pending the jury's verdict. After the jury returned a verdict finding Culp guilty on the five remaining counts of the superseding indictment, the district court denied the motion for a mistrial. The district court subsequently sentenced Culp to a total of 300 months of imprisonment and five years of supervised release.

This timely appeal followed. Culp argues that he was denied his constitutional right to compulsory process when his trial proceeded without Nathan Draper's testimony and that the district court abused its discretion in denying his motion for a mistrial.

We review de novo Culp's claim that his constitutional right to compulsory process was violated. *United States v. Damra*, 621 F.3d 474, 485 (6th Cir. 2010). The Compulsory Process Clause of the Sixth Amendment establishes "that criminal defendants have the right to the government's assistance in compelling the attendance of favorable witnesses at trial and the right to put before a jury evidence that might influence the determination of guilt." *Pennsylvania v. Ritchie*, 480 U.S. 39, 56 (1987). But "more than the mere absence of testimony is necessary to establish a violation of the right" to compulsory process. *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982). "Indeed, the Sixth Amendment does not by its terms grant to a criminal defendant the right to secure the attendance and testimony of any and all witnesses: it guarantees him 'compulsory process for obtaining *witnesses in his favor*.'" *Id*. (quoting U.S. Const. amend. VI). The defendant therefore "must at least make some plausible showing of how [the witness's] testimony would have been both material and favorable to his defense." *Id*. The witness's testimony is material "only if there is a reasonable likelihood that the testimony could have affected the judgment of the trier of fact." *Id*. at 874. The absence of the witness's testimony "must be evaluated in the context of the entire record." *United States v. Agurs*, 427 U.S. 97, 112 (1976).

"If there is no reasonable doubt about guilt whether or not the additional evidence is considered, there is no justification for a new trial." *Id*. at 112–13.

At trial, the victims, an employee and a customer of Pawn Plus, testified that three armed men wearing masks and black clothing robbed the pawn shop. According to the customer, the robbers left dragging a big rolling bag with guns hanging out of it. Houston admitted his participation in the robbery, named Culp and Houston's great uncle, Nathan Draper, as the two men who committed the robbery with him, and corroborated the testimony provided by victims. According to Houston, Culp ran to the back of the store with a big rolling bag and returned with the bag full of guns. Houston testified that, in addition to guns, they took money and jewelry from Pawn Plus. Shortly after the robbery, the ATF received numerous tips naming Culp and Houston as the robbers. When law enforcement officers arrested Culp the day after the robbery, he was in possession of two firearms and a bag of jewelry stolen from Pawn Plus as well as a large stack of cash. Later that day, Houston directed law enforcement officers to Culp's mother's apartment, where the officers found a large wheeled bag containing several firearms stolen from Pawn Plus.

In support of Culp's request for a continuance or mistrial, defense counsel asserted that an investigator had interviewed Nathan Draper. Based on that interview, defense counsel expected Nathan Draper to testify that "he was unaware of any pawn shop robbery, he did not know anything about a pawn shop robbery, and he did not know anything about Stacy Houston and a pawn shop robbery." Considering Nathan Draper's proffered testimony, which amounted to a general denial of any knowledge about the robbery, we find no reasonable doubt as to Culp's guilt. *See United States v. Arechiga*, 381 F. App'x 570, 571–72 (6th Cir. 2010).

As the district court pointed out, Nathan Draper, if found, would likely assert his Fifth Amendment privilege against self-incrimination. "A defendant's right to compel testimony yields

to a witness's assertion of his or her Fifth Amendment privilege . . . ." *United States v. Highgate*, 521 F.3d 590, 593 (6th Cir. 2008). Defense counsel acknowledged that Nathan Draper's assertion of his Fifth Amendment privilege was "within the realm of possibility" but argued that Nathan Draper could be asked questions not implicated by the Fifth Amendment, such as whether he knew Culp and whether he had ever been to Pawn Plus. But there is no reasonable likelihood that such testimony could have affected the jury's verdict.

On appeal, Culp contends that Nathan Draper's mere appearance on the witness stand would have allowed the jury to observe him and his physical characteristics. The jury asked a question during deliberations about Culp's and Nathan Draper's height. A robbery victim described the robbers as one being the tallest, one being the shortest, and the middle one being "the more aggressive one" who did "the majority of the talking." Which robber was which had no bearing on Culp's guilt or innocence of the charges.

Culp failed to make a "plausible showing" that Nathan Draper's "testimony would have been both material and favorable to his defense." *Valenzuela-Bernal*, 458 U.S. at 867. Culp therefore failed to establish that he was denied his constitutional right to compulsory process.

We review the district court's denial of Culp's motion for a mistrial for abuse of discretion. *United States v. Fields*, 763 F.3d 443, 462 (6th Cir. 2014). "An abuse of discretion occurs when we have a 'definite and firm conviction that the trial court committed a clear error of judgment' by relying on clearly erroneous findings of fact, using an erroneous legal standard, or improperly applying the law." *United States v. Barcus*, 892 F.3d 228, 235 (6th Cir. 2018) (quoting *United States v. Carter*, 463 F.3d 526, 528 (6th Cir. 2006)).

As the government points out, Culp's argument regarding the denial of his motion for a mistrial is derivative of his argument regarding the alleged denial of his right to compulsory

process. Applying the standard set forth in *Valenzuela-Bernal*, the district court concluded that Culp had failed to show that Nathan Draper's anticipated testimony was sufficiently material to warrant a mistrial. Given that Culp failed to make a "plausible showing" that Nathan Draper's "testimony would have been both material and favorable to his defense," *Valenzuela-Bernal*, 458 U.S. at 867, we can discern no abuse of discretion in the district court's denial of a mistrial.

For these reasons, we **AFFIRM** the district court's judgment.